### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT SAVANNAH,

## JUNE TERM, 1856.

Present—JOSEPH H. LUMPKIN, ⎫
HENRY L. BENNING, ⎬ *Judges.*
CHAS. J. McDONALD. ⎭

---

No. 11.—PATRICK K. SHIELDS, plaintiff in error, *vs.* THE MAYOR, &c. OF SAVANNAH, defendants in error.

[1.] On the 25th of August, 1823, the City Council of Savannah passed an ordinance making it the duty of the owner of every *untenanted* or unoccupied store-house or building within the corporate limits, to cause the same to be opened and ventilated at least once a week from the 1st day of May to the 10th of November in every year, and imposing a penalty of thirty dollars for failure to comply with this requisition : *Held*, that a landlord who had leased a lot for an unexpired term, was not bound to perform the duty or pay the fine imposed by this ordinance, but that the tenant was the temporary owner and alone amenable.

Certiorari, in Chatham Superior Court. Decision by Judge FLEMING, January Term, 1856.

This question arose upon a proceeding against P. K. Shields, in which Shields was charged with a violation of an ordinance of said city, requiring the owner or owners of un-occupied or untenanted houses to open and ventilate the same once a week, &c. Both parties being ready for trial, the city introduced Francis T. Cole, who testified that he had been to said dwelling in said city, once a week for several weeks, and was unable to effect an entrance into the same; that P. K. Shields had told him he owned the house, but had rented it to A. Wilbur and had no control over it. Witness was able to say the house was not occupied.

A. WILBUR was then sworn, who testified that he had rented the said house from Mr. Shields, and that the time was not yet expired for which he had rented it; that he had never delivered the keys to Mr. Shields since he had rented the house; that he had rented the house to V. K. Skiff once, and where the key was now he did not exactly know; considered himself the tenant of Mr. Shields yet, but did not know the house to be occupied at this time; that Mr. Shields had notified him to open the house, &c.

Defendant, by his Counsel, moved to be discharged, which motion was over-ruled and a fine of thirty dollars was imposed upon defendant.

Upon *certiorari*, Judge FLEMING affirmed this decision; and this is the error complained of.

In August, 1823, the City Council of Savannah passed an ordinance to amend an ordinance, to establish a board of health for the City of Savannah, and for ventilating and cleansing unoccupied buildings within the said city.

Sec. I. Be it ordained by the Mayor and Aldermen of the City of Savannah and the hamlets thereof in council assembled, and it is hereby ordained by authority of the same, that from and after the passage of this ordinance, it shall be the duty of the owner or owners of all untenanted or unoccupied stores, houses or buildings within the limits of the City of Savannah, to cause the same to be opened and ventilated at least once in every week, until the tenth day of November next, and

once in every week from the first day of May to the tenth day of November in each and every year afterwards; and that every owner of such untenanted or unoccupied stores, houses or buildings as aforesaid, who shall fail or omit to cause the same to be opened and ventilated as aforesaid, shall, on conviction thereof before council, be fined in a sum not exceeding thirty dollars, for each and every failure or omission.

A. H. H. DAWSON, for plaintiff in error.

No appearance for the defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is the landlord of a lot which has been leased for an unexpired term, bound to perform the duty required by this ordinance and liable for the penalty which it imposes?

We think not. He has no right to enter upon the premises for the purpose of opening and ventilating the buildings. To do so would be to subject him to an action of trespass, at the instance of the lessee. A lot thus situated is not "*untenanted*" in the language of the ordinance. The duty of ventilation devolves upon the tenant; he is the temporary owner.