## MAY *v.* McDANIEL.

LUMPKIN, J. 1. Where during the year for which real estate was rented the landlords sold it and gave bond for title to the purchaser, who was to have possession at the end of the year for which it was rented, the vendors recognizing his right thereto, after the end of the year the vendee could proceed against the tenant by suing out a warrant to dispossess him, upon his refusal to deliver possession. *Raines* v. *Hindman*, 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, 24 Ann. Cas. (1912C) 347).

2. In order to make a contract the parties must assent to the same terms.

(*a*) Where landlords had been for three years renting a farm to a tenant by parol for a specified amount as rent, taking his notes annually for such amount, and paying for repairs; and where the tenant wrote to one of them that he desired to rent the place for another year, stating, "I will take the place at the same price;" and the landlords replied that they were willing to rent the place to him for another year, at the same rate, "just as the place stands, we not standing for any repairs this coming year," and he did not reply for about three months and until after notice had been given to him that the landlords had sold the property and expected him to vacate at the end of the year, though in the meantime he proceeded to subrent, this did not constitute a complete contract of rental for the next year, so as to prevent a recovery of possession by the vendee of the landlords. *Stix* v. *Roulston*, 88 *Ga.* 743, 748 (15 S. E. 826); *Black* v. *Maddox*, 104 *Ga.* 157, 161 (30 S. E. 723); *Central Ry. Co.* v. *Gortatowsky*, 123 *Ga.* 366 (51 S. E. 469).

(*b*) There was evidence that the proposed tenant, in offering to rent for another year, before the writing of the letters above mentioned, informed his landlords that he desired to subrent; but there was none to show any agreement for him to do so without first having a contract of rent with them for another year.

3. From the foregoing headnotes it follows that the presiding judge erred in directing a verdict in favor of the defendant.

*Judgment reversed. All the Justices concur.*

MAY 9, 1916.

Eviction. Before Judge Fite. Catoosa superior court. March 10, 1915.

*Mat L. Harris,* for plaintiff. *W. E. Mann,* for defendant.