### 11542.  LEE *v.* LACY.

1. In a summary proceeding by a landlord to dispossess a tenant as one holding over beyond the expiration of his term, it is no defense that the landlord's title to the premises expired before the institution of the

dispossessory proceeding, and that the tenant is now holding under the landlord's successor in title, where it does not appear that after the creation of the tenancy the landlord parted with his title, or that the alleged successor to his title is in privity with it. See, in this connection, 1 Taylor, Landlord and Tenant (9th ed.), § 180; *Raines* v. *Hindman*, 136 *Ga.* 450, 453 (71 S. E. 738, 28 L. R. A. (N. S.) 863, Ann. Cas. 1912 C, 347); Civil Code (1910), § 3698.

2 In such a proceeding it was error to inquire into the nature of the landlord's title; and a verdict for the defendant was contrary to law.

DECIDED JANUARY 20, 1921.

Eviction; from Candler superior court — Judge Hardeman. April 5, 1920.

Application for certiorari was denied by the Supreme Court.

*C. W. Turner, Hines, Hardwick & Jordan,* for plaintiff.

*H. B. Strange, J. L. Brown, Kirkland & Kirkland,* for defendant.

STEPHENS, J. On January 1, 1918, Lee instituted proceedings to dispossess Lacy summarily as his tenant holding over beyond the expiration of the tenant's term, which, it was alleged, expired on December 31, 1917, the plaintiff alleging that he himself held the premises as a tenant from Mrs. Mary A. Beasley, the owner, for a period of 5 years from December 10, 1915. The defendant filed a counter-affidavit, alleging that he was not a tenant of Lee, but was the tenant of Misses Sallie and Nannie Beasley, owners of the premises, and denied that Lee was a lessee of the premises for 5 years or for any other period. From the evidence it appears that Lee had possession of the premises during the years 1916 and 1917, claiming to hold under a 5-years lease from Mrs. Mary A. Beasley, beginning December 10, 1915. Mrs. Beasley denied that there was such a lease, and contended that Lee's term expired with the year 1917. Lacy rented from Lee as a subtenant for the year 1917, and before the expiration of his term negotiated a lease for a new term, beginning January 1, 1918, with Misses Sallie and Nannie Beasley, who in the meantime had acquired the title to the property from Mrs. Mary A. Beasley. On the 1st of January, 1918, Lee was out of possession, and Lacy was in possession claiming under a landlord other than Lee.

Upon the trial of the case evidence was admitted upon the issue as to the length of the term of the lease between Mrs. Mary A. Beasley and Lee. The trial judge held that Lee's lease from

Mrs. Beasley had expired, and directed a verdict for the defendant. Lee moved for a new trial, the motion was overruled and he excepted.

It is not necessary to add anything further to what is said in the headnotes.

*Judgment reversed. Jenkins, P.J., and Hill, J., concur.*