BEASLEY *et al. v.* LEE.

1. Where an interlocutory injunction is refused and the temporary restraining order is revoked, such order is such a final judgment as that exception can be taken therefrom to this court. Accordingly, a motion to dismiss the bill of exceptions on the ground that no final judgment was rendered in the court below is without merit.

2. "Where it is shown that the landlord parted with his title during the term of the tenancy, he can not evict the tenant after the expiration of such term on the ground that the latter is a tenant holding over beyond his term, or on the ground of the non-payment of rent. This is true though the tenant may not have attorned to the grantee of the landlord."

3. Contracts creating the relation of ·landlord and tenant for any· time not exceeding one year may be by parol; and if .made for a greater time, shall have the effect of a tenancy at will.

4. Under the pleadings and the evidence the court erred in refusing an injunction.

No. 3404.   MAY 21, ·1923.

Petition for injunction.  Before Judge Hardeman.  Candler superior court.  August 7, 1922.

On January 1, 1918, John M. Lee sued out a dispossessory warrant against P. T. Lacey as a tenant holding over beyond his term, alleging that Lacey's term had expired on December 31, 1917. Lacey filed a counter-affidavit, admitting that he had occupied the premises during the year 1917 as Lee's tenant, or share cropper, but alleging, by way of defense, that Lee had no legal right to institute or maintain the action against him to evict him, for the reason that Lee was not the owner of the land but a mere lessee whose lease had expired on December 31, 1917, the same date when his own tenancy had expired; that the land was owned by Misses Sallie and Nannie Beasley, who, a short time prior to that date, had acquired title from their mother, Mrs. Mary A. Beasley; that they had employed him to cultivate the lands for them for the year 1918; and that on and after January 1, 1918, he was the tenant of the Misses Beasley and not Lee's tenant.  Lacey gave the required bond, which was signed by Misses Sallie Beasley and Nannie Beasley as sureties, and Lacey remained on the premises and made a crop for them as a cropper for the year 1918.  Misses Sallie and Nannie Beasley filed an equitable petition against John M. Lee, praying for injunction, etc.  They alleged as follows: They are the daughters of· Mrs. Mary A. Beasley, and are the owners in fee simple of the land in controversy, it having been conveyed to them on November 24, 1917, by their mother by warranty deed of that date, which duly recorded, and a copy of which is attached to the petition.  Mrs. Mary A. Beasley was, on December 10, 1915, the owner in fee simple of the land, and continued such owner to the date of her conveyance to plaintiffs.  On or about December 10, 1915, Mrs. Beasley made a proposal to John M. Lee to lease the land to him for a period of five years beginning on January 1, 1916, for $600 a year rent, and Lee agreed with her to rent the place from her for five years, and a lease contract was prepared by Mrs. Beasley and submitted to Lee

for his signature, but he inserted in the contract certain additional terms and conditions not assented to by Mrs. Beasley, and she accordingly refused to sign the lease contract so altered. By reason of the disagreement as to the form and terms of the contract it was never signed by Mrs. Beasley; but Lee went into possession of the land on or about January 1, 1916, and some time thereafter delivered to Mrs. Beasley two promissory notes for $300 each for the rent of the farm for the year 1916, and Mrs. Beasley accepted the notes and permitted Lee to hold possession as tenant for the year 1916. On or about January 1, 1917, Lee executed and delivered to Mrs. Beasley two additional notes for $300 each for the rent of the farm for the year 1917, which Mrs. Beasley accepted and again permitted Lee to retain possession as tenant for the year 1917. Lee sublet the farm for the year 1917 to P. T. Lacey, who had possession of and worked the farm for that year as a "share cropper" of John M. Lee. At the end of the year 1917 the plaintiffs, having acquired title to the land, notified Lee that they would not be willing to rent the land to him any longer, but would expect possession by December 31, 1917, on the expiration of his term; and they thereupon employed P. T. Lacey to make a "share crop" on the farm for them for the next year, 1918. On January 1, 1918, Lee, in disregard of the fact that his term had expired, sued out against Lacey, plaintiffs' cropper, a proceeding to evict him, as set out above, alleging that Lacey was a tenant of Lee and was holding the premises over and beyond his term, which proceeding is still pending in this court.

Plaintiffs further allege: No valid lease for 'a period longer than one year could have been made by Mrs. Beasley, except the contract had been in writing and duly signed by her, and the attempt to create a tenancy for a longer period than one year had the effect of a tenancy at will (Civil Code, § 3693). When Lee entered possession under the unsigned lease on or about January 1, 1916, he became a mere tenant at will; and when thereafter Mrs. Beasley accepted his notes for the first year's rent, the tenancy at will was merged into a tenancy for that one year, with no right of occupancy beyond the end of that year; and when at the end of the first year Mrs. Beasley accepted Lee's rent notes for the second year, he thereby became her tenant for the second year, and but for that year only, and his right of occupancy and

the term of his tenancy ended at the end of that year, with no further right of occupancy beyond that definite period. Plaintiffs alone had the right of occupancy of the farm for the year 1918; and Lee had no right in law or equity to disturb the possession of their tenant or cropper, and no right to institute or maintain the dispossessory proceeding against Lacey. On the trial of the dispossessory proceeding a verdict was directed by the court in favor of the defendant, Lacey, which was subsequently reversed in the Court of Appeals of Georgia, on the ground that " in such proceedings it was error to inquire into the nature of the landlord's title;" and that case is now pending in the superior court for a new trial. Lee's title was a mere leasehold right, and expired on December 31, 1917; and while the law may not permit the fact of such expiration to be set up as a defense in the dispossessory proceeding by the defendant, plaintiffs as the owners in fee simple have the right to invoke the aid of a court of equity to enjoin the threatened interference with their tenant, and to have their rights as such owners in fee simple inquired into and adjudicated as against the claims of Lee. Neither plaintiffs nor Lacey have an adequate remedy at law; and if the dispossessory proceeding be permitted to go to trial with no right in Lacey to set up the defense herein stated, a verdict and judgment against Lacey, and against plaintiffs as sureties on his bond, will inevitably result. Plaintiffs are entitled to have the dispossessory proceeding enjoined until their rights can be inquired into and determined, and until it can be determined whether Lee's leasehold right had expired on December 31, 1917, as alleged. Waiving discovery, plaintiffs pray that the dispossessory proceedings by Lee against Lacey be enjoined until the matters herein set out can be fully heard and determined; that Lee's leasehold right to the premises be declared to have terminated on December 31, 1917; and for general relief.

The defendant demurred and answered. The answer avers, that Mrs. Beasley leased the land to him for a period of five years beginning January 1, 1916, for the yearly rental of $600; that Mrs. Beasley had drawn a lease contract covering the period of five years, and two promissory notes representing the rental for the year 1916, for the sum of $300 each, and sent the lease contract together with a duplicate thereof and the two notes to Metter,

Georgia, the place of Lee's residence, by her son, Jake Beasley, who was at that time representing her, for Lee to sign and return to her, Jake Beasley stating at that time that his mother wanted Lee to give notes each year for the rent of the land, that she might use them to borrow money on if she so desired. This was agreeable to Lee; and upon reviewing the lease contract, nothing appeared therein that notes were to be given each year, and Jake Beasley asked O. R. Patterson, a notary public and ex-officio J. P., of Candler County, to write in the contract of lease the words " notes to be given each year," and at the request of Jake Beasley the words were so inserted in the lease contract. Thereupon J. M. Lee signed the original and duplicate lease contract, and the two notes representing the rent of the lands for the year 1916, and Jake Beasley took them with him, stating that his mother was ill, and that as soon as she was physically able she would sign the lease contract. There was no alteration or change of the lease contract made by or at the request of himself Lee, but the same was drawn and prepared by and at the request of Mrs. Beasley and her son, Jake Beasley. In December, 1916, in compliance with the terms of the lease contract defendant delivered to Mrs. Beasley two notes for $300 each, for the rent of the land for the year 1917, and Mrs. Beasley received the notes without uttering any complaint or objection, and Lee believed at that time that she had signed the lease contract; etc.

On the interlocutory hearing the evidence was conflicting. The lease contract signed by Lee, but not signed by Mrs. Beasley, was tendered in evidence; also the unsigned notes for the three years other than 1916 and 1917. The evidence for the plaintiffs tended to show that Lee refused to sign the lease unless the added words were in the contract, and also that Mrs. Beasley refused to sign the lease contract because they were inserted therein. The evidence for the defendant tended to show that the words were inserted at the request of Mrs. Beasley through Jake Beasley, who acted for her, and that Lee signed the contract and thought it had been signed by Mrs. Beasley. On the conclusion of the testimony the court declined to grant an interlocutory injunction, and dissolved the temporary restraining order. To this judgment the plaintiffs excepted.

*Brannen & Booth, Kirkland & Kirkland,* and *J. L. Brown,* for plaintiffs.   *C. W. Turner,* for defendant.

HILL, J.   (After stating the foregoing facts.)

1.  There is no merit in the motion to dismiss the bill of exceptions, which was on the ground that there was no final judgment rendered in the case; that a judgment dissolving a temporary restraining order is not a final judgment.  The trial judge both dissolved the temporary restraining order and also refused in terms to grant the injunction.  The judgment rendered was final.

2.  We are of the opinion that the court should have granted an injunction, under the peculiar facts of this case.  Taking the pleadings and the evidence in the case at their full face value and applying the principles of law which are applicable thereto, to permit the dispossessory warrant proceeding, now pending in the trial court, to proceed under the ruling of the Court of Appeals as applied to the facts of the case would be to deprive Lacey of his right to set up his defense that the title to the land had been alienated pending his occupancy of the land under Lee.  In *Lee* v. *Lacey,* 26 *Ga. App.* 126 (105 S. E. 619), it was held:  " In a summary proceeding by a landlord to dispossess a tenant as one holding over and beyond the expiration of his term, it is no defense that the landlord's title to the premises expired before the institution of the dispossessory proceeding, and that the tenant is now holding under the landlord's successor in title, where it does not appear that after the creation of the tenancy the landlord parted with his title, or that the alleged successor to his title is in privity with it.  See, in this connection, 1 Taylor, Landlord and Tenant (9th ed.), § 180; *Raines* v. *Hindman,* 136 *Ga.* 450, 453 (71 S. E. 738, 28 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347) ; Civil Code (1910), § 3698.  .  .  In such a proceeding it was error to inquire into the nature of the landlord's title; and the verdict for the defendant was contrary to law."  We are of the opinion that, properly construed, the Court of Appeals laid down the correct rule in such cases; but we are also of the opinion that the wrong application was made to the facts of that case.  It appeared from the record in that case that the landlord did part with his title during the term of the lease, and therefore that fact could be set up, under the repeated rulings of

this court to the same effect. It also appears from reading the statement of that case that an application for certiorari was denied by the Supreme Court, and this was probably on the ground that the Court of Appeals had correctly stated the rule of law as announced in that case. The same rule was laid down clearly and concisely in *Raines* v. *Hindman,* 136 *Ga.* 450 (supra), where this court held: " Where it is shown that the landlord parted with his title during the term of the tenancy, he can not evict the tenant after the expiration of such term on the ground that the latter is a tenant holding over beyond his term, or on the ground of the non-payment of rent. . . This is true though the tenant may not have attorned to the grantee of the landlord." The Court of Appeals cited the *Raines* case as authority for its decision; and if there is any conflict between the two decisions, of course the *Lee* case, decided by the Court of Appeals, must yield to the *Raines* case, decided by this court. In line with the *Raines* case is that of *May* v. *McDaniel,* 145 *Ga.* 160 (88 S. E. 934), where this court held: " Where, during the year for which real estate was rented the landlord sold it and gave bond for title to the purchaser, who was to have possession at the end of the year for which it was rented, the vendors recognizing his right thereto, after the end of the year the vendee could proceed against the tenant by suing out a warrant to dispossess him, upon his refusal to deliver possession."

Was there a valid lease between Mrs. Mary A. Beasley and John M. Lee, so as to constitute him a tenant for the term of five years, as provided in the contract? Our Civil Code (1910), § 3222, declares, that, to make the following obligations binding on the promisor, the promise must be in writing signed by the party to be charged therewith, or some person by him lawfully authorized, viz.: " . . 5. Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof." And § 3693 provides: " Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol; and if made for a greater time, shall have the effect of a tenancy at will." In *Nicholes* v. *Swift,* 118 *Ga.* 922 (45 S. E. 708), this court held: " Where A and B entered into a parol contract by the terms of which B was to rent a certain storeroom from A for the term of two years, at a stipulated price per year, and B went into possession of the same under such contract,

a tenancy at will was created, which either party could terminate by complying with the Civil Code [of 1895], § 3117. Accordingly, where B, more than a month before the expiration of the first rental year, gave a written notice of his intention to terminate the tenancy at the end of that year, and, before the beginning of the second, moved out of the rented premises, tendered the possession thereof to the landlord, and paid one year's rent, his liability under the contract was completely extinguished." In delivering the opinion of the court in that case, Fish, P. J., said: "A parol contract creating the relation of landlord and tenant, if made for a greater period of time than one year, has the effect of a tenancy at will. Ib. § 3117; *Western Union Tel. Co.* v. *Fain & Parrott, 52 Ga.* 18. Such a tenancy may be terminated by either party, by giving the other party the requisite notice for such purpose, two months notice from the landlord being necessary and one month from the tenant being required. § 3133. In the present case, the tenant on the 20th of May gave notice of his intention to terminate his tenancy on the first of July thereafter, and so complied with the law requiring one month's notice to the landlord of such intention, and, before the date named, moved out of the rented premises and tendered the keys and possession thereof to the landlord. This terminated the tenancy at the end of the first year, and the tenant was not liable for rent thereafter. The contention of the defendants in error is that there was such part performance of this contract on the part of the landlord as to make it binding upon the tenant for the full term stipulated in the oral contract. This contention is unsound. If mere possession and occupation of the rented premises by the tenant, with the landlord's consent, would be sufficient to make such a contract binding on the tenant, for the term specified therein, the provision in § 3117, that parol contracts creating the relation of landlord and tenant, if made for a greater time than one year, shall have the effect of a tenancy at will, would be meaningless."

In *Hayes* v. *Atlanta,* 1 *Ga. App.* 25 (2) (58 S. E. 1087), where there was a written lease for two years, signed by the lessee and by the owner of the premises through her agent as lessor, but it appeared that the agent's authority was in parol only, it was held that "such a contract, so evidenced as against the lessor, was, as to her, as if made in parol, and became a tenancy at will, upon the

41

lessee entering into possession under it." Judge Powell speaking for the court said: "Therefore the lease in this case stands as if Mrs. Alexander's name had never been attached to it. It was signed and sealed by Hayes, and, under the decisions of our Supreme Court, unquestionably constituted an offer on his part to make the contract, but was unilateral and was not mutually binding and enforceable until it was accepted by Mrs. Alexander in the manner contemplated. *Sivell* v. *Hogan,* 119 *Ga.* 167 (46 S. E. 67 [and other cases cited]. The acceptance contemplated was the granting on her part of a lease of the premises for a term of two years, which, under the statute of frauds (Civil Code, § 2693 (5)), and under § 3117, required a writing from her."

Applying the principle ruled in the foregoing decisions to the facts of the instant case, we are of the opinion that if Mrs. Beasley never signed the lease contract, there existed nothing but a tenancy at will between her and Lee; and that being so, the vendees of Mrs. Beasley had the right, upon giving the notice required by law, to terminate the tenancy, which questions of fact, if in controversy, can be determined on the trial of the case before a jury. In view of the foregoing decisions and of the record, we are of the opinion that this is a case peculiarly for the intervention of a court of equity, which will prevent not only a multiplicity of suits, but which will apply equitable principles in the trial of the case, in order that the rights of all the parties, whatever they are, may be protected and preserved. We reach the conclusion that the trial court erred in refusing the injunction.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*