## LEE *v.* BEASLEY *et al.*

1. The court did not err in directing a verdict for the plaintiff.
2. The grounds of the motion for new trial which complain of the direction of a verdict, and of the admission and exclusion of certain testimony, show no error.

No. 4534.    JANUARY 14, 1925.

Equitable petition. Before Judge Hardeman. Candler superior court. August 18, 1924.

*C. W. Turner,* for plaintiff in error.

*J. L. Brown, Kirkland & Kirkland,* and *Hinton Booth,* contra.

HILL, J. This case has been before the Supreme Court once before, and it then decided the law governing the case. *Beasley* v. *Lee,* 155 *Ga.* 634 (117 S. E. 743). It is conceded that when the case went back for another trial it was tried upon practically the same evidence as on the former trial. The amendment offered on the trial, to the effect that there existed between Mrs. Beasley and Lee a tenancy by the year, did not materially change the issues in the case. At the conclusion of the evidence the court directed a verdict for the plaintiff. We are of the opinion that, under the pleadings and evidence and the former ruling of this court, the court did not err in so doing. The grounds of the motion for new trial, which complain of the admission of certain evidence and the exclusion of other evidence, show no error. The other assignments of error were to the effect that the court erred in directing a verdict, which, as we have already said, was not error under the facts of the case.

What was said in the opinion when the case was here on a former occasion, to the effect that if Mrs. Beasley never signed the lease contract there existed nothing but a tenancy at will between her and Lee, was not an express ruling that a tenancy at will existed; but that language was used by way of argument to the effect that, without reference to the notes being signed for the rent for one year, a

tenancy at will would have existed. We are of the opinion that the trial court correctly held that under the facts of the case Lee was a tenant for one year at a time, and that his last tenancy expired with the year 1917; and that being so, it would not be necessary to give Lee notice to vacate the premises as required by the Civil Code of 1910, § 3709, as in cases of tenancy at will.

*Judgment affirmed. All the Justices concur.*