16844.   FEINBERG *et al. v.* SUTKER.

JENKINS, P. J.   This was an action on a written contract, for an alleged balance due on rent of a storehouse. The defendant admitted the contract, but, denying liability, set up, as a special ground of defense, that, owing to the demolition of a building adjoining the west side of the rented property, the plaintiff, as owner of the rented property, undertook to shore up its west wall, and that the work was done so carelessly and negligently as to cause the west wall to sink from three to twelve inches along its entire length, and caused a crack about one inch wide to appear at the top of the said wall and to extend down to the founda-

---

Landlord and Tenant, 36 C. J. p. 74, n. 41; p. 79, n. 3; p. 264, n. 76; p. 410, n. 71; p. 412, n. 79.

Pleading, 31 Cyc. p. 49, n. 68; p. 50, n. 69; p. 640, n. 20; p. 41, n. 30.

tion of the building, and also caused a network of cracks to appear in and cover the back wall of the building. Defendant avers that, by reason of such negligent conduct of the plaintiff, resulting in "the unsafe and dangerous condition of said leased building," her business was practically destroyed, and that she could no longer continue to operate a public business therein, and that she was therefore compelled to remove from the rented premises, and that the building remained in an apparently dangerous and unsafe condition during the remainder of the lease; and by reason of all these facts she denied that she was due the plaintiff any rent accruing subsequently. The defendant sought also to recoup certain additional items of special damage claimed by her to have been occasioned.by her forced removal. The plaintiff demurred, both generally and specially, the demurrers were sustained in every respect save that the court required the plaintiff to prove that the rent had not been paid, and on submission of such proof a verdict for the plaintiff was directed in the amount sued for. *Held:*

1. "A covenant for quiet enjoyment is necessarily implied in every lease." *Adair* v. *Allen*, 18 *Ga. App.* 636 (2) (89 S. E. 1099). Accordingly, where a landlord enters upon the rented premises for the ostensible purpose of making repairs, irrespective of whether it is in conformity with a legal obligation due to his tenant, or whether it is for the purpose of protecting his own property, if his.conduct consists of negligent acts of such grave and permanent character as would render the premises unfit for tenancy, and is such as would actually deprive and would legally import the intent to deprive the tenant of their enjoyment, it amounts in law to an eviction of the tenant, and the landlord can not thereafter recover subsequently accruing rent. Civil Code (1910), § 3711.

2. Where, as in the instant case, it appears from the terms of the contract of rent sued on that the landlord owed no duty to the tenant to keep the premises in repair, and where the acts of the landlord complained of by the tenant do not purport to have been committed in conformity with any legal or contractual obligation on his part, the injury growing out of the alleged negligent conduct of the landlord amounts merely to a tort. While, under the principles set forth in the preceding division of the syllabus, the defendant was entitled to plead, and to prove, if she could, a termination of her tenancy by an eviction caused by the landlord, no matter how such eviction might have been brought about, yet since the suit is on contract, in the city court, and no equitable principle is invoked, she was not entitled to set up damages by recoupment for the tort alleged to have been perpetrated by the plaintiff. *Porter* v. *Davey Tree-Expert Co.*, 34 *Ga. App.* 355 (129 S. E. 557). Accordingly, all the allegations of the answer seeking to set up special damages were properly stricken.

3. The effect of the ruling of the trial judge was to eliminate in its entirety the special ground of defense pleaded. The judgment striking all the plea except the general denial of indebtedness will be reversed, leaving the matters in respect to the special demurrers for further action in the trial court. *Brown* v. *Mayor &c. of Milledgeville*, 20 *Ga. App.* 392 (4) (93 S. E. 25); *McSwain* v. *Edge*, 6 *Ga. App.* 9 (2) (64 S. E. 116). Under the rule stated above. all the portions of the plea

seeking to recoup damages which were attacked by special demurrer (grounds 15 to 26 inclusive) were properly stricken. The portions of the plea setting forth the opinions of witnesses and conclusions of the pleader, and averments which were evidentiary in character, attacked by grounds 2, 3, 4, 5, 6, 9, 10, and 11, were also properly stricken. The special grounds of demurrer to the remaining portions of the plea, setting up the facts hereinbefore outlined in the statement of facts, as well as the general demurrer to the special plea, should have been overruled. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 15, 1926.

Action on contract; from city court of Savannah—Judge Freeman. August 6, 1925.

*Oliver & Oliver, John Z. Ryan,* for plaintiffs in error.
*McIntire, Walsh & Bernstein,* contra.

*Judgment reversed. Stephens and Bell, JJ., concur.*