25036.   ROLAND *v.* FLOYD.

DECIDED APRIL 27, 1936.

J. A. *Drake*, for plaintiff in error. *N. L. Stapleton*, contra.

GUERRY, J. On January 2, 1933, (the 1st day of January coming on Sunday) W. A. Floyd made an affidavit for the purpose of having a dispossessory warrant issued against Richard Roland. The affidavit set forth "that Richard Roland is in possession, as tenant, of a house and premises situate and being on lot of land No. 212 in the 13th District of Miller County, Georgia, being part of what is known as the Will Williams place, the property of deponent; that the said tenant rented said house and premises for the year 1932, at a rental of $200 for the year. That said rental contract has expired and the said tenant is holding said house and premises over and beyond the term for which the same was rented, or leased to him. That deponent desires and has demanded possession of said house and premises, and the same has been refused by the said Richard Roland." Richard Roland filed a counter affidavit in which he deposed that "with reference to the eviction affidavit made by W. A. Floyd this day exhibited to him, that his term of rent for and during the year 1932, has expired, however, he is now holding said premises under a rental contract for the year 1933, at and for the sum of $50, for one plow instead of three plows which he operated for the year 1932, and when deponent rented said premises for the year 1933, that he agreed to pay the said W. A. Floyd the sum of $50 for the rent for the year 1933, and was to have the use of the same house where deponent now lives and did live during the year 1932, but the other two houses on said place were not included in the contract

made for the year 1933, and deponent is not holding over and beyond his term because he rented one plow from the said W. A. Floyd for the year 1933, and his term of rent on said place will not expire until December 31, 1933."

Upon the trial, which resulted in a verdict in favor of the plaintiff for $100, the only real issue was substantially whether Floyd had contracted with Roland, as alleged in his counter affidavit and testified to by him, to rent him the land occupied for 1933, for the sum of $50. If there did exist a valid contract of rent between the plaintiff and the defendant for the land described in the affidavit, for the year 1933, of course the sole right of possession, use, and enjoyment of the premises is vested in the defendant as tenant, and the dispossessory warrant proceeding must fail. *Shields* v. *Savannah,* 20 *Ga.* 57; *Coney* v. *Brunswick &c. Steamboat Co.,* 116 *Ga.* 222 (42 S. E. 498); *Southern Ry. Co.* v. *State,* 116 *Ga.* 276 (42 S. E. 508). On this question the judge charged the jury: "The court charges you that if you believe from the evidence that at some time prior to the first day of January, 1933, the plaintiff Floyd and the defendant entered into a parol contract for the rent of the property involved in this case for the year 1933, but that the contract was not reduced to writing and no part of the consideration was paid and no portion of said contract was acted upon before the first day of January, 1933, and should you further believe from the evidence that the plaintiff W. A. Floyd disaffirmed said contract and notified the defendant that he disaffirmed the same, then in that event such parol contract would not be binding upon the plaintiff, W. A. Floyd." We think this charge was clearly error. A contract as thus outlined by the judge has all of the essential elements of a binding executory contract, which may not be broken or disaffirmed at the whim of either party because there has been no part performance, or because neither party has acted to his prejudice because of it, without subjecting himself to a suit for damages. Such a contract is not affected by that provision of the statute of frauds which holds void all parol contracts that are not to be performed within one year from the making thereof (Code of 1933, § 20-401 (5)), or by that provision which declares that any "contract for sale of lands, or any interest in, or concerning them" shall be in writing; for by § 61-102 it is provided that: "Contracts creating

the relation of landlord and tenant for any time not exceeding one year may be by parol;" and thus it has been distinctly ruled that a parol contract creating the relationship of landlord and tenant for only a period of a year is good, although the contract does not begin to operate *in presenti.* *Beasley* v. *Lee,* 155 *Ga.* 634 (117 S. E. 743) ; *Sleininger* v. *Williams,* 63 *Ga.* 475; *Gay* v. *Peak,* 5 *Ga. App.* 583 (63 S. E. 650) ; *Ridgway* v. *Bryant,* 8 *Ga. App.* 564 (70 S. E. 28.) ; *Render* v. *Harris,* 25 *Ga. App.* 302 (103 S. E. 179). Under such a contract the failure of the plaintiff to admit the defendant into possession of the land, would give to the defendant a cause of action for breach of contract. *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58) ; *Williamson* v. *Payne,* 30 *Ga. App.* 652 (118 S. E. 598). The law certainly does not give to any one the right to disaffirm a binding executory contract merely because no part of it has been performed or because neither party has acted to his prejudice because of it. For such a frivolous play with solemn agreements, the law subjects him to nominal damages at least.

■ Error is also assigned on the following charge : "The court charges you. that in this case on account of the fact that the defendant contends that he rented the lands in controversy from the plaintiff and that he agreed to pay the said Floyd the sum of $50 for rental thereof for the year 1933, and has admitted that no part of said amount has been paid, it will be the duty of the jury to return a verdict in favor of the plaintiff in this case in some amount, even though they do not believe the plaintiff's contentions in this case." A dispossessory proceeding is one primarily for the recovery of the *possession* of land. Code of 1933, § 61-301. It is not a proceeding to enforce payment of rent under a contract, express or implied, as is a proceeding by way of distress warrant, but where it is first determined that the landlord is entitled for some reason to the possession of the land as against the tenant, a recovery, in the nature of a penalty is allowed for double the rent since the demand for return of possession. "The questions involved in such proceeding are : Did the relation of landlord and tenant exist between the parties? And, if so, has the relation terminated in such a way that the landlord is entitled again to the possession of the premises? No other questions can properly be raised; and therefore the judgment rendered therein

is not conclusive on any others." *Jordan* v. *Jordan,* 103 *Ga.* 482 (30 S. E. 265). If the second question be answered in the negative then it must follow that the proceeding must fail and no sort of judgment against defendant would be valid. Therefore it was erroneous to charge the jury that even though they believed the defendant to have the right of possession of the land under a valid contract for that purpose, nevertheless, because he admitted owing $50 on this contract, they should therefore bring in a verdict for the plaintiff in some amount.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*