## 46964. JOHNSON et al. v. PUBLIC FINANCE CORPORATION.

PANNELL, Judge. This is an appeal from the overruling of a motion to set aside a judgment in the trial court entered by default in an action brought upon evidence of indebtedness given under the Industrial Loan Act. It was contended that the judgment was void as being founded upon a loan note which was void on its face, the contention being that the note was void for two reasons: It was in violation of Section 15 of the Industrial Loan Act (Ga. L. 1955, pp. 431, 440; Ga. L. 1964, pp. 288, 291; *Code Ann.* § 25-315) and Section 120-1-10-.01 (1) of the regulations promulgated by the Comptroller General which reads as follows: "No loan shall be made for a period in excess of twenty-four months," and also in violation of Section 120-1-10-.02 (1) of said regulations which reads as follows: "Single payment loans shall be repayable on terms not to exceed three calendar months. All other loan repayments shall be made in equal instalments, either weekly, every two weeks, semi-monthly or monthly, except that the final instalment may be in an

amount greater, but not more than one dollar (1.00) greater than the other periodic instalments. With the exception of single payment loans, the initial instalment on all loans shall become due within a period not to exceed forty-five (45) days from the date on which the loan is made but not sooner than the regular instalment period, whereby fees in excess of those authorized by the Act are charged." The note was dated November 10, 1969, and the first payment was due on December 15, 1969, and all other payments were due on the same day of each month thereafter, except the last, which became due on November 10, 1971. *Held:*

1. We will deal with the alleged violation as to the time limitation of 24 months first. It should be noted at the beginning that we are not determining whether something has been done "within" a certain period of time or whether something has been done "during" a certain period of time, or when a certain period of time has expired "after" or "between" a certain event which has occurred or what constitutes a calendar year, but we must determine solely the *time length* of a loan dated November 10, 1969, and providing for final payment thereunder November 10, 1971. See *Brown v. Emerson Brick Co.,* 15 Ga. App. 332 (83 SE 160); *English v. Ozburn,* 59 Ga. 392; *Blitch v. Brewer,* 83 Ga. 333 (9 SE 837); *Peterson v. Ga. R. & Bkg. Co.,* 97 Ga. 798 (25 SE 370); *Rusk v. Hill,* 117 Ga. 722 (45 SE 42); *Hammond v. Clark,* 136 Ga. 313 (3) (71 SE 479, 38 LRA (NS) 77). A loan for *one day* dated November 10, 1969, would become due November 11, 1969. See *Raefle v. Moore,* 58 Ga. 94 (3). It is obvious, therefore, that either the date of the note, or the day it is due would not be counted in computing the time length of the one day loan. See *Blitch v. Brewer,* 83 Ga. 333, 337, supra, where the following observation was made: "We will add, also, that it is doubtful whether the rule for computing time for the bringing of certiorari, indicated though not distinctly expressed in *Jones v. Smith,* 28 Ga. 41, would not, if correctly under-

stood and applied in computing months, be consonant to the one laid down in the code, § 4, par. 8, for computing days, which is, that only the first or the last day shall be counted, not both days." Compare *Peterson v. Ga. R. & Bkg. Co.,* 97 Ga. 798, supra. We accordingly, hold that the loan here, dated November 10, 1969, with the last instalment due November 10, 1971, was not in excess of 24 months, and therefore, is not for the reason contended in violation of the statute and the regulations. The ruling of the Attorney General of this State in 1954-56 Opinions of the Attorney General of Georgia, pp. 787, 788, in answer to question No. 3, that a note dated July 1, 1954, and due July 1, 1957, was a loan for a period of three years and one day is not a controlling authority upon this court; and, if it can be construed as holding to the contrary, will not be followed.

2. There is no merit in the contention that the shortening of the period between the next to the last instalment and the last instalment from the 15th of the month to the 10th of the month, so as to bring the time of the loan within the 24 months limitation, was a violation of the other regulation set forth above, in that it was not a "monthly" instalment, as were the others. This regulation which permits the extension of time for making the payment of the first instalment beyond the normal instalment period necessarily contemplates a shorter length of time between either the first and second instalment payment or between the last and next to the last instalment payment. No contention is made that this shortening of time has resulted in any excess charges of interest or fees in violation of the statute or regulations. Nothing herein ruled should be construed as holding a violation of the regulations, which does not constitute a violation of the statute, would or would not void the indebtedness.

3. The trial judge did not err in overruling the motion to set aside the judgment.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*

560

Argued March 1, 1972—Decided June 9, 1972—
Rehearing denied June 27, 1972—

Kenneth G. Levin, for appellants.
Arnall, Golden & Gregory, William A. Edwards, Jr., for appellee.
Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, amicus curiae.