## 47349. BERRIEN v. AVCO FINANCIAL SERVICES, INC.

EVANS, Judge. Avco Financial Services, Inc. sued Booker T. Berrien, Sr. on a promissory note seeking principal, interest and attorney fees. The defendant answered, admitted only that he was the party sued, and denied all the other allegations of the complaint. In addition, he filed five defenses and a counterclaim. Thereafter, the lower court struck each of the defenses and entered summary judgment in favor of the plaintiff. Defendant appealed, and in *Berrien v. Avco Financial Services*, 123 Ga. App. 862 (182 SE2d 708), this court held that the trial court did not err in striking the first, second and fifth defenses, but that it was error to strike the third and fourth defenses and enter a summary judgment in favor of the plaintiff. Upon return of the remittitur to the lower court, the case proceeded to trial, without the intervention of a jury, and after hearing evidence the court ruled that a prima facie case was made out by the plaintiff, and that no evidence was presented by the defendant. It then rendered judgment in favor of the plaintiff against the defendant for principal, accrued interest and attorney fees. Appeal is from that final judgment.

The final judgment was dated February 9, 1972. An appeal was filed for record on March 10, 1972. On the 11th day of April, 1972, plaintiff filed a motion to dismiss the appeal of the defendant because no transcript of the evidence had been filed, nor had the defendant applied to the trial judge for extension of time to file the transcript. Thereafter, on the 11th day of May, 1972, the trial judge ordered the clerk of court to send up the record without the transcript, based upon the fact that counsel for defendant had stated in open court that he was willing to prosecute the appeal without benefit of the transcript, thus refusing to dismiss the appeal. *Held:*

1. The third defense alleges that defendant was charged amounts for life, health and accident insurance which

were unauthorized and unreasonable; and the fourth defense alleges that fees and interest were illegally charged on the proceeds of the loan, which fees and interest the company retained in payment of a prior loan made less than six months previously, in violation of the law. In addition, the defendant denied all the allegations of the complaint except that he was the defendant in this case. The defendant enumerates as error the refusal to grant judgment in his favor on the ground that the loan sued upon was null and void for violation of the Georgia Industrial Loan Act in that (a) the loan extended beyond 24 months, (b) the loan charged a 25th payment beyond the face amount of the note, and (c) the loan contained an unauthorized charge of level credit life insurance.

Attached to defendant's pleading is Exhibit "A" which is a purported copy of a note, and defendant contends said copy shows that the note or contract calls for 25 payments, whereas the number of monthly instalments stated therein is 24. However, we do not have the evidence before us which was presented in the trial court. Further, even if the contract attached as Exhibit "A" were admittedly a true copy of the note introduced in evidence at the trial, we could not hold that the contract called for 25 payments, because in fact, it clearly states that the number of payments is 24. See *Johnson v. Public Finance Corp.*, 126 Ga. App. 557 (1) (191 SE2d 334). Likewise, we have no evidence before us as to the level credit life insurance charged.

Since the defendant has raised evidentiary questions, in the absence of a transcript, we must affirm the lower court. *Ward v. National Dairy Products Corp.*, 224 Ga. 241 (2) (161 SE2d 305); *Martin v. Dept. of Public Safety*, 226 Ga. 723 (3) (177 SE2d 243).

2. Plaintiff contends he is entitled to a judgment for damages for delay by reason of this frivolous appeal. This request for 10% damages is denied.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 5, 1972—DECIDED OCTOBER 13, 1972—
REHEARING DENIED NOVEMBER 17, 1972.

*David A. Webster, Archie Bearden, Alden C. Harrington,*
for appellant.
*Marvin P. Nodvin, Ira S. Zuckerman,* for appellee.