## 50279. GAINESVILLE LIQUIDATION, INC. v. HANLEY et al.

EVANS, Judge.

This is a dispossessory warrant proceeding. Defendants demurred to the allegations of the affidavit as being mere conclusions of the pleader. They also filed an answer contending there was an option to renew the lease which had been exercised. They also filed a counterclaim

in which they sought general and punitive damages, arising out of a conspiracy of the plaintiffs and others to enter into a different lease as to the property and to oust defendants.

After an evidentiary hearing, the lower court rendered a finding of facts and conclusions of law. The court held the dispossessory affidavit was sufficient and not subject to the demurrer; granted to plaintiffs a writ of possession; and also held that all other issues raised by the pleadings (except as to the right of possession) "shall proceed in accordance with the procedures authorized by law and until further order of this court." *Held:*

1. An affidavit alleging the tenant is in possession of certain property and is holding over beyond the term for which same was rented or leased; that the owners desire and have demanded possession of said building and property, and same has been refused by the tenant, is amply sufficient as an allegation of ultimate facts. A demurrer that same are mere conclusions of the pleader unsupported by sufficient averments of fact as required by this special statutory proceeding was properly overruled. See Code Ann. § 61-303; *Wilson v. Healey Real Estate &c. Co.,* 203 Ga. 52 (2) (45 SE2d 656).

2. In the absence of a transcript of evidence, this court must assume the evidence was sufficient to support the judgment and affirm it. *Berrien v. Avco Financial Services,* 127 Ga. App. 584 (194 SE2d 337); *Ward v. National Dairy Products Corp.,* 224 Ga. 241 (2) (161 SE2d 305).

3. The lower court did not err in issuing the writ of possession, leaving at issue the counterclaim and the subsequent questions of discovery and trial as to that claim.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 25, 1975 — DECIDED APRIL 7, 1975.

*Schuder & Brown, George W. Brown, P. J. Schuder,* for appellant.

*Douglas W. McDonald,* for appellees.