## 54189. ALBERT PROPERTIES, INC. v. WATKINS.

BANKE, Judge.

This is a dispossessory proceeding brought by the plaintiff/appellant against the defendant/appellee for failure to pay rent. The defendant answered and filed a counterclaim for actual and punitive damages, alleging malicious interference with his possession of the premises. Following a nonjury trial, the judge issued findings of fact and conclusions of law, denied the plaintiff's application for writ of possession, and awarded the defendant $100 nominal damages and $500 punitive damages pursuant to the counterclaim. This appeal followed.

1. There is no merit in the plaintiff's contention that the trial court's findings of fact are inconsistent with its conclusions of law. The findings of fact state that on the day after the defendant filed his answer the plaintiff had the defendant's front door removed because, in the words of the plaintiff's agent, "the defendant had caused him

trouble by going to court." This finding provides a sufficient basis for the court's conclusion that the plaintiff was guilty of a wilful and intentional interference with the defendant's right to the quiet enjoyment of the premises. See *Feinberg v. Sutker,* 35 Ga. App. 505, 506 (134 SE 173) (1866); *Smith v. Hightower,* 80 Ga. App. 293 (2) (55 SE2d 872) (1949). See also *Entelman v. Hagood,* 95 Ga. 390 (22 SE 545) (1894). Contrary to the plaintiff's assertion, the trial court did not find that the defendant had consented to the removal of the door. It merely found that the defendant had not objected while the door was being removed, apparently because he was told the door was being removed in order to repair the locks. The trial court also found that the appellant had ignored requests for the return of the door, which provides further support for the conclusion that the plaintiff intended to interfere with the defendant's possession of the premises.

2. The plaintiff's contention that there was no evidence to support an award of damages is also without merit. "The law infers some damage from the invasion of a property right; and if no evidence is given of any particular amount of loss, it declares the right by awarding what it terms 'nominal damages.' " *Williams v. Harris,* 207 Ga. 576, 579 (2) (63 SE2d 386) (1951). See *Price v. High Shoals Mfg. Co.,* 132 Ga. 246 (4) (64 SE 87) (1908).

3. The plaintiff attacks the award of punitive damages as being unauthorized by the evidence. Where there is evidence of "an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights," punitive damages are authorized. *Gilman Paper Co. v. James,* 235 Ga. 348, 351 (219 SE2d 447) (1975). As stated in Division 1 of this opinion, the trial judge's findings of fact authorized his conclusion that the removal of the door amounted to a wilful and intentional interference with the defendant's property rights. Therefore, the award of punitive damages was authorized.

It is not true, as urged by the plaintiff, that the trial court was precluded from awarding punitive damages in the absence of an award of general, as opposed to nominal, damages to compensate for the injury sustained. See

*Foster v. Sikes,* 202 Ga. 122, 126 (42 SE2d 441) (1947); *Haugabrook v. Taylor,* 225 Ga. 317, 318 (168 SE2d 162) (1969).

Judgment affirmed. *Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Waldrep & Williams, Ronald M. Mack,* for appellant. *Nelson C. Coffin,* for appellee.