## 58167. HAZELRIG v. HAZELRIG.

McMurray, Presiding Judge.

This case involves another phase of litigation between the plaintiff (a former wife) against the defendant (her former husband). It involves an appeal from the State Court of DeKalb County, Georgia, in which the defendant is dissatisfied with the grant of a writ of possession issued in a proceeding against him as a tenant holding over.

It is apparent from the defendant's brief and argument, as well as his answer, that in a former divorce and alimony proceeding between the parties the plaintiff was awarded the property in question here in the decree of divorce. Defendant contends he was, in effect, renting the property by making the house notes. Unfortunately, the defendant is appealing pro se, lacking proper knowledge of court procedures and the jurisdictions of our various courts as a layman. By brief he argues that he has appealed from the DeKalb Superior Court decision as well as the DeKalb State Court decision in the hopes of finding "justice" and based upon newly discovered evidence. This court would have no jurisdiction to consider newly discovered evidence as to a superior court proceeding on review of a judgment on appeal from a state court; nor did the state trial court have jurisdiction to review or consider issues of domestic relations, constitutional questions, and equity so as to vacate and set aside a judgment of the superior court, claimed by brief to be absolutely void by reason of alleged acts occurring in an earlier divorce proceeding in another state prior to plaintiff's marriage to this defendant. Such attacks could be made on such a judgment in the proper forum alleging the material facts.

Here, under the facts of this case, the State Court of

DeKalb County simply lacked jurisdiction as an inferior court to the Superior Court of DeKalb County to declare such judgment void and order it dismissed. Further, no such attacks here appear from the record; and no transcript of the hearing where the writ of possession was issued has been forwarded to this court to show what occurred in the trial court with reference to the order issued and here appealed. See *Berrien v. Avco Fin. Ser., Inc.,* 127 Ga. App. 584, 585 (1) (194 SE2d 337); *Gainesville Liquidation, Inc. v. Hanley,* 134 Ga. App. 472, 473 (2) (214 SE2d 723); *Ward v. National Dairy Prod. Corp.,* 224 Ga. 241, 242 (2) (161 SE2d 305).

This court cannot hold that the trial court erred in granting the writ of possession.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979.

James E. Hazelrig, *pro se.*
*James V. Malcolm,* for appellee.