### 58857. LAWHON v. GASKIN.

SHULMAN, Judge.

Following appellee-tenant's alleged nonpayment of rent and appellee's later refusal to vacate the premises (a horse barn) upon appellant-landlord's demand, appellant instituted dispossessory proceedings against appellee. In the ensuing trial on the issues, the jury returned a verdict against appellant-landlord on his main claim; and in favor of appellee on his counterclaim, which sought damages allegedly attributable to appellant's interference with appellee's contracts and business, to appellant's trespass on the leased premises, and to appellant's act of converting certain rent payments owed by horse stall

tenants to appellee. Finding no error for any reason assigned by appellant, we affirm.

1. At the close of all the evidence, appellant moved for a directed verdict on the ground that the oral lease agreement on which appellant based his claim was violative of the Statute of Frauds. We find no error in the denial of this motion.

In essence, appellee's testimony indicated that the parties had entered into an independent oral agreement (which oral agreement was denied by appellant) to lease the barn for a period of one year immediately following the completion of a one-month term. Since this alleged parol agreement creating the relationship of landlord and tenant for the period of one year was not subject to a Statute of Frauds defense (*Roland v. Floyd,* 53 Ga. App. 282 (1) (185 SE 580)), the trial court did not err in refusing to grant appellant's motion on this ground.

2. Appellant asserts that the trial court erred in denying his motions for directed verdict and for judgment n.o.v., which motions were made on the ground that appellee failed to produce any evidence that appellant had interfered with appellee's business and that the verdict is not supported by any evidence of damages. This is not well taken.

A. Evidence was adduced at trial which authorized a finding that appellant had entered the rented premises without any right, had removed certain signs, and had collected and retained rental payments from appellee's tenants without appellee's authorization. Since this evidence would support an action for conversion and for trespass by interfering with appellee's business, the trial court properly denied appellant's motion. See, e.g., *Baker v. Wilson,* 143 Ga. App. 488 (1) (238 SE2d 587); *Ambort v. Tarica,* 151 Ga. App. 97 (1A) (258 SE2d 755); *Albert Properties, Inc. v. Watkins,* 143 Ga. App. 184 (2) (237 SE2d 670). This being so, the trial court properly refused to direct the verdict or grant the judgment notwithstanding the verdict. *Sisk v. Carney,* 121 Ga. App. 560 (4) (174 SE2d 456).

B. Since there was sufficient evidence presented to authorize the presentation of these issues to the jury, appellant's complaint that the court's charges on

intentional interference with appellee's business, on trespass, and on conversion were not authorized by the evidence must fail.

3. Appellant asserts that the trial court erred in denying his motion for directed verdict as to "all of the defendant's counterclaims on the grounds that he was lawfully evicted for his own admitted failure to pay rent." With this we cannot agree.

The trial court properly determined that defendant's failure to pay into the registry of the court in accordance with the court's order would not merit the dismissal of all of defendant's counterclaims. See *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 233 Ga. 414 (211 SE2d 712); *Gainesville Liquidation, Inc. v. Hanley,* 134 Ga. App. 472 (214 SE2d 723).

4. Appellant, submitting that a certain written document constituted the sole agreement between appellant and appellee, urges that the trial court erred in refusing to hold as a matter of law that appellee was a tenant holding over after May, 1976, and in refusing to grant appellant's motion for judgment n.o.v. on this ground. We disagree.

A. The document on which appellant relies contained an undisputed agreement to lease the horse barn to appellee for the month of May, 1976. The agreement further provided as follows: "Starting June 1-76 [the parties] have agreed on a one-year renewable lease for $300.00 per month — subject to a new agreement — stating [appellant] has right to sell the property per giving notice — and certain other stated agreements."

Even after application of the rules of construction, the written agreement is ambiguous. Since it is not clear whether the document embodies an actual agreement to lease the property for one year (subject to a new agreement creating a right of termination in the land) or whether the agreement represents only an agreement to agree, the trial court properly refused to hold that the agreement demanded the construction urged by appellant.

B. Since the written agreement did not demand a particular construction, the trial court did not err in refusing to charge the jury that the lease did not create

any enforceable obligations concerning the period after June, 1976, or in refusing to restrict appellee's damages to only those sustained in May and June, 1976.

C. In contradiction to appellant's claim that the written document was the sole agreement between these parties, appellee claimed that the written document formed the framework of the parties' independent oral agreement to lease the premises for one year. Thus, even assuming that the written agreement created no interest after June, 1976, appellant's conclusion that appellee was a tenant holding over as a matter of law would not follow under the evidence as developed.

5. Appellant's argument that the trial court erred in refusing to strike the award of punitive damages is premised on the unwarranted assumptions that an award of general damages was not authorized and aggravating circumstances were lacking.

Since we reject both these assumptions (see Division 2A of this opinion as to general damages; see *Albert Properties,* supra, Division 3, as to aggravating circumstances), we also reject appellant's conclusion.

6. Appellant's failure to object to the language of certain instructions on the trial level precludes appellant from raising these alleged defects on appeal. *Williams v. Atlanta Gas Light Co.,* 143 Ga. App. 400 (3) (238 SE2d 756). We note that the court's recharge cured any criticism that might have existed as to the trial court's expressing an opinion as to whether a trespass had occurred.

7. Since the trial court charged in substance that damages to deter the wrongdoer from repeating the trespass and damages for injury to the peace, happiness or feelings of the injured party were mutually exclusive, the court's charge is not subject to the criticism that recovery of double damages was permitted.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 30, 1980 —

*James W. Lewis,* for appellant.

*Mark E. Sheplock,* for appellee.