### SOUTHERN RAILWAY COMPANY *v.* THARP.

In a suit for damages resulting from killing live stock, where the only issue for trial was the value of the stock killed, the last original return of the property for taxes made by the plaintiff, specifying the amount for which the property was given in, was admissible in evidence against the plaintiff as a circumstance for the jury to consider in passing upon the issue submitted.

Argued April 29, — Decided May 25, 1898.

Certiorari. Before Judge Smith. Telfair superior court. October term, 1897.

*DeLacy & Bishop* and *Eason & McRae*, for plaintiff in error.
*D. C. McLennan*, contra.

SIMMONS, C. J. Tharp brought two suits, in a justice's court, against the Southern Railway Company for the killing of stock. By consent of both parties, these cases were consolidated upon the trial before the jury. The defendant admitted killing the stock, and the only issue upon trial was as to the value of the stock killed. The plaintiff testified that this stock, a cow and a hog, was worth $50, the cow $40 and the hog $10. Defendant introduced evidence tending to show that the value of the stock was less than the estimate put upon it by plaintiff. Defendant offered in evidence, as contradicting plaintiff's testimony, his tax returns for the year 1896, made by him before the killing of the stock, showing that he returned the cow as of

the value of $7.50 and the hog as of the value of $1.00. These returns were objected to by the plaintiff, on the ground that they were his original returns and were not signed by the tax-receiver. The objection was sustained and the returns excluded. We do not understand what was meant by the plaintiff in his objection that the returns were original; whether they were upon the form of return furnished by the tax-receiver to the taxpayer, or whether it was the return digested by the tax-receiver and filed by him in the proper office as required by law. If the latter, this evidence was clearly admissible, because the presumption is that the receiver did his duty and required the plaintiff to swear to the correctness of his returns before they were placed upon the digest. If the former, it was still competent evidence and admissible. It was at least an admission in writing by the plaintiff as to the value of the stock and was, as such, admissible whether signed by the tax-receiver or not. This evidence was not in any sense conclusive as to the value of the property, but it was admissible as a circumstance for the jury to consider in passing upon the credibility of the plaintiff's testimony and in seeking to arrive at the value of the stock killed.

*Judgment reversed. All the Justices concurring.*