3167.  DANIEL *v.* PERKINS LOGGING CO.

Bare possession alone, either of land or chattels, authorizes the possessor to recover damages from any person who wrongfully in any manner interferes with such possession.

DECIDED OCTOBER 23, 1911.

Action for damages; from city court of Millen—Judge Jones. December 19, 1910.

The petition alleged substantially the following facts: The plaintiff, James Daniel, was tenant in possession of described farm property, on which was a bridge across a boggy branch separating a cultivated field from the remainder of the farm. Plaintiff made constant use of the bridge in going to and from the field. The bridge belonged to his landlord, but had been rented to him for use along with the land, all of which was known to the defendant. Perkins Logging Company. Without authority from the plaintiff or from the owner of the land the Perkins Logging Company tore up the bridge and hauled it away, thus depriving plaintiff of its use. It was alleged that this illegal trespass was done recklessly and wantonly, and that the actual damage to the plaintiff in being deprived of the use of the bridge was $25. It was further alleged that as a part of his tenancy there was a pasture containing sufficient cane and other food supplies to sustain two cows and thirteen hogs; that there was a fence around the pasture, and the cows and hogs were in it; that the defendant tore down the fence, by pulling logs over it with skidders, and burst and broke the rails to such an

extent that the plaintiff was forced to remove said animals from the pasture and shut them up and feed them for five months, at a total expense of $90. It was alleged that this trespass was likewise wanton and reckless, and was wholly unauthorized, either by the plaintiff or by his landlord. In addition to the $90 just referred to, the plaintiff asked for punitive damages in whatever sum might be allowed, but no specific sum was named. It was likewise alleged that on a part of the land of which the plaintiff was tenant the defendant made a log yard, and thus deprived the plaintiff of the use of eight acres; that this land was highly suitable for growing oats, and the illegal trespass of the defendant prevented the plaintiff from growing an oat crop on the land, and thereby caused damage in the sum of $50; and, since this conduct was reckless and wanton, he likewise asked an unnamed sum as punitive damages. The court sustained a general demurrer to the petition, and the plaintiff excepted.

*James A. Dixon, William Woodrum,* for plaintiff.

*E. L. Brinson, A. S. Anderson,* for defendant.

RUSSELL, J. Bare possession, either of land or a chattel, authorizes the possessor to recover damages from any person who wrongfully in any manner interferes with such possession. Civil Code (1910), §§ 4472, 4482; *Connally* v. *Hall,* 84 *Ga.* 198 (10 S. E. 738). The petition in the present case alleges both possession in the plaintiff and illegal interference therewith by the defendant; and this alone would entitle the plaintiff to recover general damages; so the petition is good as against a general demurrer. Civil Code (1910), § 4507.

Where an intruder illegally interferes with or evicts a tenant, the tenant can recover the value of the premises for rent during the remainder of the time. *Bass* v. *West,* 110 *Ga.* 698 (36 S. E. 244). Ordinarily this value is ascertained by proof of the difference in the market value of the term before and after the trespass; but where the tenancy is at will, or for any other reason has no market value, the actual damages must be determined by the jury in the light of the relevant proved facts and circumstances. *Hayes* v. *Atlanta,* 1 *Ga. App.* 26 (4), (57 S. E. 1087); *Bass* v. *West,* 110 *Ga.* 698 (4), (36 S. E. 244).

The petition alleges that the plaintiff was tenant in possession of the property, but fails to allege the nature or duration of the ten-

ancy; nor is there any allegation from which the value of his tenancy can be ascertained, or from which it can be determined legally wherein or how that value was decreased or lessened by the trespasses of the defendant. The mere general allegation that the destruction of the bridge and the consequent deprivation of its use by the plaintiff had caused him actual damages to the extent of $25 is insufficient, in the absence of allegations of fact showing why or how that damage accrued. Ordinarily the measure of damages for that trespass would be the difference in the market value of the tenancy with, and its market value without, the bridge, during the remainder of the term after its destruction. But if for any reason the tenancy has no market value, then the value before and after the trespass must be determined by the jury, in the light of all the proved relevant facts. The cost of replacing the bridge, the possibility of some other means of access to the field being resorted to with ease, and all other facts and counter facts can be given to the jury. The plaintiff could not, of course, recover for mere inconvenience; nor can the jury guess. The difference in the value of the tenancy before and after the trespass is the proper measure of damage, and this is the issue for the jury, and all evidence legally illustrating that issue is admissible.

The same general principles apply to the other items of damage alleged. The plaintiff could not recover the expense he incurred in feeding the stock for five months; but he could recover the actual reasonable cost of feeding the stock while he was rebuilding or repairing the fence, or he could recover the difference between the value of the tenancy before and after the trespass, this difference to be determined as stated above.

Likewise as to the eight acres of land used as a log yard. The value of the oat crop which the plaintiff might have grown on the land, if seasons had been good, or the other usual hazards of agriculture had been successfully passed, is not ordinarily the proper measure of damage. The value of the eight acres can be best ascertained by taking the value of the whole tenancy at the date of the trespass, and then determining how much that value has been lessened or diminished by the illegal trespass of the defendant; or the rental value of the eight acres may be shown. This is compensation for the injury done, and ordinarily this is the measure of damage.

As to punitive damages, it is only necessary to say that in every tort there may be aggravating circumstances either in the act or in the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff. Civil Code (1910), § 4503. This principle applies to the tort of a trespasser who recklessly, wilfully, and wantonly wrongs one whose only property is the bare possession of land. The petition should, however, name some amount as punitive damages.

It appears that the petition is good in substance, but subject to a multitude of special demurrers. The judgment sustaining the general demurrer is reversed, and direction is given that the plaintiff be permitted a reasonable time to amend his allegations as to the recovery of damages in conformity with this opinion. On the allegations made, the plaintiff can recover only general damages. If he seeks other damages, he should amend by alleging facts as to the kind and duration of his tenancy, or any other fact showing that he had property which was lessened in value by the wrongful acts of the defendant.                         *Judgment reversed.*