### 27203. WAITS *v.* LUMPKIN.

DECIDED JANUARY 30, 1939.

*Maddox & Griffin,* for plaintiff in error.
*Wright & Covington, Tom Willingham,* contra.

FELTON, J. D. J. Waits sued Dewey Lumpkin in trover for a certain Ford automobile. The plaintiff testified that he traded the Ford in to the defendant as a part payment on a Plymouth automobile; that he was induced to sign the contract for the Plymouth by false and fraudulent representations of the defendant as to its condition; that he demanded that the Ford be returned to him and tendered the Plymouth to the defendant, but that the defendant would not do anything about it; that he left the Plymouth at the place of business of the defendant with the keys in it, and a day or two later saw it standing on the lot of the defendant; that the defendant had since moved his place of business and had it there among his used cars. The defendant testified that he told the plaintiff he could not take the Plymouth back, that the plaintiff

parked it in front of his place of business, and that three or four days later the defendant put it on his used-car lot and later put it among his used cars at a new location. The defendant introduced the contract of sale which contained the following provision: "It is expressly agreed by the undersigned that this contract covers all the conditions and agreements between the parties and no verbal representations by any one whatsoever shall bind vendor, or assigns. The vendor does not warrant said property and makes no representations concerning same except that the title to the same is in vendor and free from all incumbrances." The court directed a verdict for the defendant and the plaintiff excepted.

■ Where a contract provides that a seller is not to be bound by any representations concerning the article sold, false and fraudulent representations concerning the same may not be pleaded in avoidance of the contract unless there is fraud, accident, or mistake as a result of which the buyer signs the contract without knowing its true contents. *Equitable Manufacturing Co.* v. *Biggers,* 121 *Ga.* 381 (49 S. E. 271) ; *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (73 S. E. 1063). This case and the cases above cited are distinguishable from cases cited by the plaintiff in error where the contracts excluded warranties but did not provide against representations. The gist of those cases is that despite the provision against warranties the executions of the contracts were induced by fraud; that a buyer might be willing to rely on a representation and waive warranties. In the instant case the buyer agreed not to rely on representations, and he is bound by the agreement in the absence of fraud, accident, or mistake which prevented him from knowing the provisions of his solemn agreement.

■ There was no evidence authorizing a finding that the contract was rescinded. The seller made no agreement that he would take the Plymouth, and the mere fact that the plaintiff in error left it at the place of business of the defendant and that the defendant had the Ford car is wholly insufficient to show a rescission. The court did not err in directing a verdict for the defendant.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*