### 29693. J. W. GOLDSMITH INC. v. VROOMAN.

FELTON, J. Where a contract for the sale of an automobile contains the provision that "no agreement, promise, representation, statement or warranty, whether oral or written, express or implied, shall be binding on the holder unless expressly contained herein," the purchaser can not recover of the seller damages allegedly arising from false and fraudulent representations concerning the automobile, which allegedly induced the execution of the contract of sale, where there was no fraud, accident, or mistake as a result of which the buyer signed the contract without knowing its contents. *Waits* v. *Lumpkin,* 59 *Ga. App.* 416 (1 S. E. 2d, 72), and cit. A verdict was demanded for the seller and the court erred in overruling the motion for new trial. It is not necessary to consider the special assignments of error.

*Judgment reversed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. The exclusion of certain warranties or covenants made by the terms of a written contract of sale of personal property, unless such warranties or covenants are written in the contract, is binding only where the parties seek to assert their rights under the contract. The purchaser, however, notwithstanding any provision in the contract which would prevent setting up fraud as a

defense, may, after discovering the fraud, rescind the contract on the ground of the fraud of the seller in inducing him to execute the contract. In so doing, however, the purchaser must repudiate the contract by restoring or offering to restore, within a reasonable time after the discovery of the fraud, the property which he obtained from the seller, and he would then be entitled to a return of what he had paid the seller, less, perhaps, the rent or hire of the property.

The evidence authorized a finding that the seller made false and fraudulent representations to the plaintiff as to various things about the automobile which were necessary to make it run properly, and thereby induced the plaintiff to buy the car, and the plaintiff within a reasonable time after discovery of these fraudulent statements of the seller undertook to rescind the contract by delivering the automobile back to the seller, and demanding that the seller repay to him the purchase price which he had paid. The verdict for the plaintiff was authorized; and under an application of the above principles just stated, no error appears in the excerpts from the charge excepted to.

DECIDED DECEMBER 4, 1942.

*J. D. Tindall, J. F. Kemp, Clint W. Hager,* for plaintiff in error.
*F. Lee Evans, Phil E. Vrooman,* contra.