### 32992. IVEY v. DAVIS.

Decided April 28, 1950.   Rehearing denied May 19, 1950.

*A. E. Wilson,* for plaintiff.

*Marvin O'Neal Jr., E. H. Stanford,* for defendant..

Sutton, C. J.   William H. Ivey filed suit against D. W. Davis in the Superior Court of Fulton County, seeking to recover damages on account of an alleged wilful and wanton trespass. Substantially the following facts are alleged:   The defendant was the owner of an apartment house located on the corner of Williams Street and North Avenue in the City of Atlanta, consisting of approximately 20 units, the main entrances being on Williams Street.   At the time of filing his suit, December 8, 1948, and for many months prior the plaintiff had occupied apartment number 8 in said apartment house, during which time he had paid the rent thereon as required by the landlord, and he was not a tenant holding over or at sufferance.   On or about October 10, 1948, although his leasehold on said property had not expired, the plaintiff received notice from the defendant that he would be required to move from said apartment effective December 12, 1948, due to the fact that the defendant intended to convert the premises to personal or commercial usage.   Although this notice contradicted the plaintiff's rental relationship with the defendant it was the plaintiff's intention, at the time, to move from the apartment in accordance with the notice. On November 5, 1948, the main entrance to the apartment occupied by the plaintiff was at 598 Williams Street, there being at said entrance a small porch or piazza about 5 feet in height, with steps leading therefrom to the sidewalk on Williams Street, and on this date, without any notice, the defendant, acting through his agents and servants, came upon the premises and proceeded to raze, destroy, and tear down the porch or piazza located at the entrance to the apartment wherein the plaintiff and his family resided, together with the steps leading therefrom to the sidewalk.   As a result of this action, the plaintiff's right to the use of the premises was violated, and in order for

him to enter or make exit from said apartment he was forced to use a crude ladder improvised by the defendant and placed at the entrance as a means of exit and entrance, which caused the plaintiff and his family great inconvenience and subjected them to the constant hazard of injury in the use thereof. In tearing down the porch or piazza and the steps the defendant, acting through his agents and servants, left the debris therefrom scattered upon the sidewalk at the entrance to the apartment, subjecting the plaintiff and his family to further hazard in making exit and entrance from and into said apartment. By reason of the conduct of the defendant the apartment of the plaintiff was rendered practically untenantable, and the peace and serenity of his household was unduly and unnecessarily disturbed. Aside from the fact that the plaintiff and his family were in constant physical danger in utilizing said premises, the use thereof by his family's friends and acquaintances was hazardous, subjecting the plaintiff and his family to continual embarrassment. The conduct of the defendant, as above related, was wilful, wanton, reprehensible, and knowingly committed with and for the purpose of humiliating and embarrassing the plaintiff and his family in the use and enjoyment of the premises which he was legally entitled to occupy, and constituted a wilful, wanton, and malicious trespass, in direct violation of his right to use and enjoy the property which he rented and upon which he had paid rent as required by the terms of the rental contract. By reason of the above the plaintiff alleged that he was entitled to $2500 punitive damages and $2500 general damages.

It appears that the defendant filed special demurrers to the petition, certain of which were sustained, and the plaintiff amended to meet the rulings. The record fails to show the nature of the amendments, and from the statements appearing in the briefs of counsel it appears that the petition as amended was in substance the same as the original petition, in which the alleged facts appear as above stated. When the case was called for trial the parties announced ready and a jury was stricken, but before actually proceeding to trial before a jury the defendant made an oral motion to dismiss, in the nature of a general demurrer. The trial judge sustained this motion and

dismissed the plaintiff's action, and the exception here is to that judgment.

"The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." Code, § 105-1401. "The bare possession of land shall authorize the possessor to recover damages from any person who shall wrongfully, in any manner, interfere with such possession." Code, § 105-1403. "While mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts merely negligent, yet such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." *Dunn* v. *Western Union Telegraph Co.*, 2 *Ga. App.* 845 (3) (59 S. E. 189). "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." Code, § 105-2002. "This principle applies to the tort of a trespasser who recklessly, wilfully, and wantonly wrongs one whose only property is the bare possession of land. The petition should, however, name some amount as punitive damages." *Daniel* v. *Perkins Logging Co.*, 9 *Ga. App.* 842, 845 (72 S. E. 438). The plaintiff alleged a right of use and possession as tenant of certain premises, and a wilful and wanton violation of this right by the defendant, his landlord, in tearing down the porch and steps at the entrance to the premises, thereby requiring him to use a ladder in order to enter and leave the premises. While no actual injury to his purse or person is shown, he alleged that this trespass interfered with his enjoyment of the use and possession, and caused him to suffer inconvenience, humiliation, and embarrassment. Applying the foregoing principles of law to the alleged facts the petition sets forth a cause of action as against a general demurrer, and it was error for the trial judge to dismiss the action on an oral motion in the nature of a general demurrer.

*Judgment reversed. Felton and Worrill, JJ., concur.*