### 35194. ALPHA KAPPA PSI BUILDING CORP. *v.* KENNEDY.

Decided July 7, 1954—Rehearing denied July 27, 1954.

*L. Cecil Turner, Jess H. Watson,* for plaintiff in error.

*Robert P. McLarty, Eugene R. Simons, Merrell H. Collier,* contra.

TOWNSEND, J.   On the trial of the case, a contract of sale signed by the vendor and vendee was introduced in evidence, which contract contained a legal description of the land in question without any mention of the size, boundaries, or location of any lake, the quantity of land being stated as 79 acres, and which recited the payment of $1,000 earnest money.   The following provisions were contained therein: "The real-estate broker negotiating this contract is made a party to this contract to enable broker to enforce his commission rights hereunder against the parties hereto on the following basis: If sale is not consummated because of seller's inability, failure or refusal to convey marketable title, seller shall pay full commission to broker, and real-estate broker shall return earnest money to the purchaser. If purchaser fails or refuses to consummate transaction for any reason except lack of marketable title in seller, purchaser shall pay real-estate broker full real-estate commission hereinafter provided, and in such event real-estate broker shall apply earnest money deposited by purchaser toward payment of real-estate commission, and turn balance thereof, if any, over to seller as liquidated damages of seller."   The contract also contained a printed stipulation as follows: "This contract constitutes the sole and entire agreement between the parties hereto, and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement.   No representation, promise, or inducement not included in this contract shall be binding upon any party hereto."

As appears from the statement of facts, this action is in tort seeking damages for fraud in the procurement of the contract, which fraud has no relation to acts preventing the plaintiff from reading the contract or understanding its provisions, but which consisted solely of prior oral representations by the defendant that a lake on the property was of a different depth, and at a different location in relation to adjoining property, than it in fact was.   None of these representations was included in the contract of sale.   All, or at least most of them, could have been ascertained to have been false by a more careful physical examination

of the premises, with the exception of the misrepresentation as to the boundary lines, in which regard see *Puckett* v. *Reese,* 203 *Ga.* 716, 730 (48 S. E. 2d 297). Even this misrepresentation could have been discovered by means of a survey or by questioning the adjacent landowner. Ordinarily the question of diligence in ascertaining .the falsity of representations is for the jury. *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442).

However, in *Floyd* v. *Woods,* 110 *Ga.* 850, 853 (36 S. E. 225) it was held that where, in a contract of sale, the buyer expressly undertakes to buy the article upon his own judgment and not upon any representations or warranties of the seller, he cannot later, in defense of an action upon the contract, urge that the same was fraudulently procured because of misrepresentations as to the article purchased, where he was not prevented from examining the article, and where he alleges no fraud as the result of which he signed the contract without knowing its contents. Judge Lumpkin in that opinion held: "It follows that although the seller may, pending such negotiations, knowingly make false representations concerning the article which is the subject matter of sale, yet if, before the contract is finally consummated, he puts the purchaser upon his guard by insisting that he must buy solely upon his own judgment, viz., deal at arm's length, the purchaser can not successfully urge in a court of justice that he has been deceived and defrauded, for the simple though abundant reason that, under the circumstances, he was not warranted in placing any reliance whatever on what the seller may previously have said." To the same effect see *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (2) (73 S. E. 1063); *Butts* v. *Groover,* 66 *Ga. App.* 20 (2) (16 S. E. 2d 894). In these cases the fraudulent misrepresentation was urged as a defense to an action in contract whereby the contract was affirmed by the parties. However, the same rule has been applied where the buyer repudiates the contract and brings an action in tort for deceit, as here. *Goldsmith, Inc.* v. *Vrooman,* 68 *Ga. App.* 528 (23 S. E. 2d 504); *Waits* v. *Lumpkin,* 59 *Ga. App.* 416 (1 S. E. 2d 72). Therefore, whether the petition here shows an intention to rescind on the part of the plaintiff can make no difference in the result. The evidence in the case conclusively showed that both the buyer and seller of the land had abandoned the sale, but that the

broker, who was a party to the contract, sought performance in accordance with its terms insofar as it affected himself.

The plaintiff having failed to allege or prove any fraud as a result of which the buyer signed the contract without knowledge of its contents, and there being no misrepresentation within the instrument itself, the buyer, by the stipulation therein to the effect that no representation, promise, or inducement not included in the contract should be binding upon the parties thereto, waived his right to seek damages by reason of such prior oral misrepresentations, on which he expressly stipulated that he did not rely in signing the instrument.

As was pointed out in *Waits* v. *Lumpkin,* supra, "the buyer agreed not to rely on representations, and he is bound by the agreement in the absence of fraud, accident, or mistake which prevented him from knowing the provisions of his solemn agreement." While fraud will undoubtedly authorize the injured party to rescind a contract where (1) the opposite party made the representations; (2) at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the injured party; (4) that the injured party relied on such representations; and (5) that the injured party sustained the alleged loss and damage as the proximate result of their having been made (*Brown* v. *Ragsdale Motor Co.,* 65 *Ga. App.* 727, 16 S. E. 2d 176)—yet the fourth essential element, that is, that the injured party relied on such representations, cannot be shown as a ground for the rescission of the contract which itself contains an express provision that no representations will be relied upon which are not contained in the contract itself, and the injured party alleges no fraud which kept him from knowing the contents of the instrument when he signed it. The provision here, that "no representation, promise or inducement not included in this contract shall be binding on any party hereto," is a provision barring all parties from relying upon representations as an inducement to enter into the contract. Therefore the trial court did not err in directing a verdict in favor of the defendant.

2. Since any error in the admission in evidence of certain letters, as alleged in the 6th and 7th special grounds of the amended motion for new trial, would not have affected the result of the

case—a verdict being demanded in favor of the defendant by reason of the terms of the contract and the allegations and proof on the trial of the case—any error in relation to the movant would be harmless. Accordingly, these special grounds are not passed upon.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*