## 49087. GEARHART v. ETHERIDGE et al.

Evans, Judge.

In 1964, Frank G. Etheridge and Walter V. Gearhart embarked upon a joint venture of investment, re-investment, transfer of securities, and other business dealings to control a corporation. This venture lasted for six years. They found themselves trying to salvage as much as possible when the investment in the corporation became unproductive. During this time they jointly employed an accountant to keep up with the joint venture, to furnish details of the mutual accounting from time to time, and to furnish information for tax purposes.

In 1969, Etheridge died, but his estate continued to

make payments; and to salvage as much as possible from the venture; and to liquidate corporate assets. The estate requested an accounting from Gearhart without results. By 1971, all property was sold, and the net proceeds placed in escrow, pending the outcome of an accounting.

In 1972, the executors of the Frank G. Etheridge estate sued Gearhart and prayed for an accounting and to recover money paid by Etheridge and his estate to protect the joint investment in this mutual venture.

Defendant answered, denied the mutual account, pleaded the statute of limitation, and an accord and satisfaction.

The case came on for trial before the court without a jury. Findings of fact and conclusions of law were made; defendant's defenses were denied; and judgment was rendered in favor of plaintiff against defendant. Defendant appeals. *Held:*

1. A mutual account is based on a course of dealing wherein each party gives credit to the other on the faith of the indebtedness to him. Whether or not the accounting is mutual is one of fact. *Gunn v. Gunn,* 74 Ga. 555 (1, 4).

The evidence shows Etheridge and Gearhart made an investment, thereafter made advances individually and jointly in payment of indebtedness, interest payments, current operating expenses, notes and other debts in connection with a corporation which they sought to control. These transactions were recorded by the jointly employed accountant on an account record. At various times Etheridge and Gearhart made individual payments on joint obligations, thereby lending or advancing to the other his half or share of that payment, for the mutual benefit of the other and to protect their joint interest in the project. A mutual account has been shown by the evidence. The agreement dated April 17, 1965, more than six years prior to filing suit, was properly allowed in evidence. *Gunn v. Gunn,* 74 Ga. 555, supra, pp. 568-570.

2. A partnership is dissolved by operation of law on the death of one or more partners. Code § 75-107; *Hammond v. Otwell,* 170 Ga. 832, 833 (154 SE 357); *Richter v. Richter,* 202 Ga. 554 (1) (43 SE2d 635); *Murphy*

*v. Murphy,* 214 Ga. 602, 604 (106 SE2d 280). The law requires that the affairs of a joint venture, such as here, be wound up and an accounting rendered after the death of Etheridge in 1969. *Huggins v. Huggins,* 117 Ga. 151 (43 SE 759).

3. A mutual account is one where there is indebtedness on both sides. Generally, the statute of limitation begins to run on a mutual account from the date of the last item. *Reid v. Wilson,* 109 Ga. 424 (4) (34 SE 608); *Howard v. Blanchard,* 29 Ga. App. 469 (116 SE 33). But under Division 2 above, the statute would begin to run one year after the death of one of the parties, as an accounting would be due within one year thereafter. *Huggins v. Huggins,* 117 Ga. 151, 159, supra.

4. The evidence before the court clearly showed a mutual account between the parties; and the suit for accounting having been filed in 1972 (allowing one year for settlement after the death of Etheridge in 1969), the four year statute of limitation had not run, nor had the estate been guilty of laches in bringing this action. Further, all payments made by the parties during the time in which the estate was in operation could be considered as an implied assumpsit under Code § 3-706, and made within four years of the death of Etheridge. *Powell v. Powell,* 171 Ga. 840 (1) (156 SE 677).

5. The trial court held that the certified public accountant, Mr. Smith (the joint accountant of the mutual account), was competent to testify. The language of Code Ann. § 84-216 refers to communications "in anticipation of, or pending" employment, not his work thereafter. The court did not err in allowing Smith's testimony in regard to his entries on the mutual account.

Smith's accounts, having been prepared as entries in the course of business, were admissible in evidence. See Code Ann. § 38-711. The decision of *Smith v. Smith,* 224 Ga. 689 (164 SE2d 225), applies to a financial statement made without an audit, and not to one made in the course of business. This case is not applicable here. Other cases cited by counsel are older than the business records law of 1952, and are no longer controlling.

Nor did the court err in allowing in evidence the personal ledger books of Etheridge and two former

corporations of Etheridge which showed entries of payments made for and charged to Etheridge. These items also qualify as exceptions to the hearsay rule as entries of business records.

6. The court having heard the evidence without the intervention of a jury, there is a presumption that judgment was supported by competent and legal evidence (*Pope v. U. S. F. & G. Co.*, 193 Ga. 769 (4) (20 SE2d 13)), and that the court "sifted the wheat from the chaff" in regards to inadmissible and hearsay evidence. *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60).

There was evidence to show a mutual account, which supports the finding of fact and conclusions of law. The court did not err in denying the motion to dismiss and in rendering judgment for plaintiff against defendant.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED FEBRUARY 7, 1974 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 14, 1974 —

*Claude E. Hambrick,* for appellant.
*Sutherland, Asbill & Brennan, James P. Groton, Charles T. Lester, Jr., Steven N. Farber,* for appellees.