52862. F. N. B. FINANCIAL COMPANY, FACTORING DIVISION v. GLAZE TIRE COMPANY, INC.

SUBMITTED OCTOBER 4, 1976 — DECIDED OCTOBER 25, 1976.

*Lazarus & Stokes, John H. Watson,* for appellant.
*Webb, Fowler & Tanner, William G. Tanner,* for appellee.

DEEN, Presiding Judge.

The appellant introduced into evidence, without objection, a statement listing invoice numbers, dates and prices of shipments of tires to the appellee; after giving credits, the current balance was shown to be $4,527.26. This statement of the account was maintained in the regular course of business according to the appellant's witness; it therefore was admissible under Code Ann. § 38-711 "in evidence in proof of said act, transaction, occurrence or event." *Gearhart v. Etheridge,* 131 Ga. App. 285 (5) (205 SE2d 456). It is not necessary that a witness identifying business records under Code Ann. § 38-711 have personal knowledge of the correctness of the records or have actually made entries himself. *Timothy McCarthy Const. Co. v. Southern Detectives, Inc.,* 125 Ga. App. 205 (186 SE2d 895). When shown the above-mentioned statement, appellee's Mr. Glaze when asked if he had received the tires listed testified: "Yes, sir, I am sure I did." When appellee's Mr. Glaze was asked if there really was no issue that the tires had been received but just a question of credits for tires returned, he testified: "The credits is the ah, that is right, the credits and the not getting the correct amount, not getting the correct amount of credits, and tires sent back." "The admission by defendant in his testimony, that he bought of plaintiffs the articles set forth in the account sued on, the price being attached to each article, establishes prima facie the correctness of the account. If the amount sued for is too large by reason of payment made, the burden of proving the same is on the defendant." *White v. Crane,* 62 Ga. 399.

*Judgment reversed. Webb and Smith, JJ., concur.*