### 57776. AMBORT et al. v. TARICA.

SHULMAN, Judge.

Appellee, a certified public accountant, filed suit against appellant to recover for accounting services rendered. Appellant counterclaimed, seeking general damages allegedly arising from appellee's actions in wrongfully withholding appellant's business records.

The sole issue presented in this appeal is the propriety of the trial court's action in directing a verdict against appellant's counterclaim. We reverse.

1. At the close of all the evidence, the trial court agreed with appellee's contention that appellant failed to present evidence establishing actual damages as to the

counterclaim, and the court granted appellee's motion for directed verdict on that basis.

Appellant asserts that evidence was presented authorizing an award of nominal damages and that, accordingly, the directed verdict was improper. This is well taken.

A. "Bare possession, either of land or a chattel, authorizes the possessor to recover damages from any person who wrongfully in any manner interferes with such possession. [Cits.]" *Daniel v. Perkins Logging Co.,* 9 Ga. App. 842, 843 (72 SE 438). "[A]nd even though the injury be slight and no actual damage be shown, at least nominal damages would be recoverable. [Cits.]" *Hall v. Browning,* 195 Ga. 423 (5c, 2) (24 SE2d 392).

B. Appellant presented evidence authorizing a finding that appellee had wrongfully interfered with possession of appellant's chattel by refusing to return appellant's business records. "It was accordingly error in this case, where only general damages were pleaded, [evidence of tortious interference with chattel was presented], and nominal damages at least would have been recoverable, to direct a general verdict in favor of [appellee]." *Bendle v. Ortho Mattress, Inc.,* 133 Ga. App. 575, 581 (211 SE2d 618).

2. Cases cited by appellee (see, e.g., *Tendrift Realty Co. v. Hayes,* 140 Ga. App. 896 (1) (232 SE2d 169) and cits. therein) do not require a contrary result. Aside from any other distinguishing factors, if any, in those cases the issue of nominal damages was not raised and was not before the court.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 7, 1979 — DECIDED SEPTEMBER 4, 1979.

*William H. Blalock,* for appellants.
*Richard Gordon,* for appellee.