### 58966. SCM CORPORATION et al. v. THERMO STRUCTURAL PRODUCTS, INC.

SHULMAN, Judge.

Appellee, purchaser of a panel processing operation from appellant-corporation, instituted legal proceedings seeking to recover damages from appellants (corporation and an employee of the corporation), allegedly arising out of the sale and appellants' conduct subsequent to the sale. On appeal from a judgment entered on a general verdict in favor of appellee and against the appellants, jointly and severally, we reverse.

1. Count 1 of appellee's amended and recast

complaint set forth appellee's claim that appellants had fraudulently induced appellee to enter into the purchase agreement. Essentially, Count 1 embodied appellee's claims that appellants' fraudulent representations inducing the sale and appellants' concealment of defects in the manufacturing process had ultimately caused appellee to lose its entire business investment. In several related enumerations of error, appellants submit that appellee's election to affirm the contract (which contained a merger clause reciting that no understandings, conditions, representations or warranties were made except as incorporated in the contract), necessarily precludes recovery on this count as a matter of law.

A. Appellee produced evidence that appellants had represented the paneling operation to be an established business capable of mass producing finished panels of a marketable quality, when, in fact, the paneling operation was an experimental pilot project which had never been fully perfected (60% to 70% of its output was defective).

Appellee also produced evidence that it was not able to view the manufacturing process in full operation because parts of the system were shut down for maintenance or repairs on each occasion that appellee visited the plant.

Since this evidence raised an issue as to whether appellants had prevented appellee from exercising its own judgment and had concealed and misrepresented a material defect relating to the panel processing operation, the merger clause did not necessarily as a matter of law vitiate appellee's fraud claim. Even though a party electing to affirm a contract is ordinarily bound by a merger clause contained therein (see, e.g., *Cristal v. Harmon,* 137 Ga. App. 153 (223 SE2d 210); *Kot v. Richard P. Rita Personnel &c., Inc.,* 134 Ga. App. 438 (214 SE2d 690)), a merger clause is without application where the fraud allegedly perpetrated concerned intrinsic defects in the article forming the subject matter of the contract and was such as to prevent the defrauded party from exercising its own judgment. *Southern v. Floyd,* 89 Ga. App. 602 (80 SE2d 490); *Batey v. Stone,* 127 Ga. App. 81 (192 SE2d 528); *Hester v. Wilson,* 117 Ga. App. 435 (2) (160 SE2d 859). Cf. *Tinsley v. Gullett Gin Co.,* 21 Ga. App. 512

(2, 4) (94 SE 892). See also *Gullett Gin Co. v. Seagraves,* 49 Ga. App. 850, 858 (176 SE 922), discussing the showing necessary to establish a defect in a machine. As to an agent's individual liability for misrepresentations concerning the principal's property, see *Crosby v. Meeks,* 108 Ga. 126, 130-131 (33 SE 913).

B. Appellee concedes that the pivotal misrepresentation forming the basis for its claim for fraudulent inducement was an alleged representation that the paneling processing operation was an established business with profits, goodwill, and know-how. Appellant-corporation's contention that appellee's election to affirm the contract was fatal as to this portion of the claim is well taken.

Under the plain terms of the agreement which appellee elected to affirm, appellant-corporation agreed to sell, and appellee agreed to buy, certain "assets, business and properties including [specified items]. . . work in process, finished products, customer lists and lists of prospects and advertising plates, literature and materials of Seller's . . . manufacturing business and related businesses and trademarks, together with the goodwill symbolized by said trademarks, and processes and know-how." Insofar as this contract is concerned, appellee does not contend that it did not receive the entire property purchased (which was a panel production operation, together with goodwill symbolized by trademarks and certain property to be used in its operation (see *Krys v. Henderson,* 85 Ga. App. 323, 325 (69 SE2d 635)); rather, appellee asserts that what it received was not as represented. Appellee produced no evidence showing that it signed this contract without knowledge of its contents. Since there was no representation in the contract itself relating to the established going-concern nature of the business, and since these alleged fraudulent representations do not concern concealed defects, "the buyer, by the stipulation therein to the effect that no representation, promise, or inducement not included in the contract should be binding on the parties thereto, waived [its] right to seek damages by reason of such prior oral misrepresentations, on which [it] expressly stipulated that [it] did not rely in signing the

instrument." *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587, 591 (83 SE2d 580); *Condios, Inc. v. Driver,* 145 Ga. App. 537 (244 SE2d 85).

C. Appellee's evidentiary showing as to Count 1 supported a valid claim for fraudulent inducement by reason of a concealment of a defect, even though a portion of the claim concerning certain alleged misrepresentation is not viable. This being so, appellants' motion for directed verdict as to the whole count was properly denied. Cf. *Cato v. English,* 228 Ga. 120 (1) (184 SE2d 161).

2. By way of damages for the alleged fraud, appellee claimed it lost its entire business investment ($561,614). We agree that appellee's evidentiary presentation in support of this claim was not sufficient to support the general verdict of $560,000.

A. In support of this claim, appellee presented evidence of operating losses sustained over a two-year period following the sale, and capitalized research and development expenditures, inventory, and fixed asset costs which were ultimately written off when appellee-company failed. (Rather than exercise an option to purchase the physical plant housing the paneling operations, appellee ceased business operations and wrote off its entire business investment.)

Appellee presented no evidence as to any sums expended to correct the allegedly concealed defect. See, e.g., *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317 (2) (154 SE2d 627), recognizing that evidence of the reasonable cost to correct the fraudulently concealed defects will authorize an award of damages. Appellee introduced no evidence relating to the value of the operation at the time of delivery and what the value would have been if the manufacturing operation was capable of mass producing a marketable product as represented. Compare *Windsor Forest, Inc. v. Rocker,* supra; *Spindel v. Kirsch,* 114 Ga. App. 520 (1, 3) (151 SE2d 787). Appellee produced no evidence of losses sustained in labor, time, or expenses by reason of the alleged fraud. Cf. *James v. Elliott,* 44 Ga. 237. The evidence which appellee did present (the total loss of its entire investment, including operating losses for a two-year period and fixed assets,

inventory, and capitalized research and development write-offs) failed to show that the losses were the actual consequence of the alleged misrepresentation concerning the panel manufacturing process. While appellee was entitled to recover any consequential damages directly and proximately flowing from appellants' alleged fraudulent concealment (*Rodrigue v. Mendenhall,* 145 Ga. App. 666 (2) (244 SE2d 598)), appellee was not entitled to recover any and all losses sustained in its unsuccessful business venture (i.e., losses which were not the actual consequence of the misrepresentations). Cf. *Walters v. Hagan,* 53 Ga. App. 547 (186 SE 563) holding that a defrauded purchaser was not entitled to recover operating losses sustained in the purchaser's business because such losses could not proximately flow from the seller's misrepresentation that the business had been profitable in the past.

B. Appellee's failure to meet its burden of presenting evidence establishing a fair amount of compensatory damages, coupled with the court's instructions authorizing a verdict as to appellee's fraud claim for appellee's entire business loss, requires reversal of the judgment entered on the general verdict. Bechtel v. Liberty Nat. Bank, 534 F2d 1335 (9th Cir. 1976). As to the propriety of the court's refusal to direct the verdict or grant the judgment notwithstanding the verdict, see *Sisk v. Carney,* 121 Ga. App. 560 (4) (174 SE2d 456).

C. In a related enumeration of error, appellants insist that the court erred in refusing to instruct the jury as to actual damages (the difference in value between the article at the time of delivery and the value of the article as represented). Under the evidence as developed, this charge was simply not authorized by the evidence.

3. At trial, appellee was permitted, over appellants' objection, to introduce a federal tax return showing various losses sustained by appellee. Since we cannot agree that the court erred in allowing this document in evidence, we must reject appellants' argument that a directed verdict was in order had the evidence been properly excluded.

A. In determining whether the trial judge erred in denying appellants' motion for judgment n.o.v., this court

must use the record as it existed at the close of the trial, and may not eliminate any evidence having probative value, on the ground that it was improperly received at trial, and then dispose of the case on the basis of the diminished record. *Jones v. Grantham,* 102 Ga. App. 436 (2) (116 SE2d 668).

B. Since evidence was presented that the tax return was prepared annually in the normal course of appellee's business, the tax return was admissible under Code Ann. § 38-711. Compare *Gearhart v. Etheridge,* 131 Ga. App. 285 (5) (205 SE2d 456), with *Smith v. Smith,* 224 Ga. 689 (1) (164 SE2d 225). The contents of the return were relevant to appellee's claimed loss. *North Ga. Petroleum v. Lewis,* 128 Ga. App. 653 (3) (197 SE2d 437); *Southern R. Co. v. Tharp,* 104 Ga. 560 (30 SE 795).

4. As framed by the pleadings and developed by the evidence, Count 2 of appellee's amended and recast complaint alleged that appellants had conspired to defraud appellee after the sale and to destroy appellee's business. We cannot agree that the trial court erred in refusing to direct the verdict as to this count.

A. In support of this claim, appellee presented evidence which suggested the existence of a conspiracy on the part of appellants to defraud appellee: (1) an arrangement (unknown to appellee) whereby appellant-corporation granted appellant-maker a leave of absence, which in fact coincided with the appellant-maker's term of employment with appellee (appellant-maker left appellee's employ to resume employment with appellant-corporation, his original employer); (2) communications between appellant-maker and appellant-corporation concerning appellee's business; (3) evidence that appellant-maker, without obtaining authorization or permission from appellee, had permitted appellant-corporation to use appellee's facilities without charge; and (4) evidence that appellant-maker had not billed appellant-corporation for contract obligations (accruing by reason of appellant-corporation's agreement to reimburse appellee for defective panels) and had destroyed the records necessary to charge appellant-corporation for those obligations. The court properly determined that this

evidence was sufficient to warrant presentation to the jury. *Lawhon v. Gaskin,* 153 Ga. App. 211; *Baker v. Wilson,* 143 Ga. App. 488 (1) (238 SE2d 587); *Albert Properties, Inc. v. Watkins,* 143 Ga. App. 184 (2) (237 SE2d 670); *Ambort v. Tarica,* 151 Ga. App. 97 (1B) (258 SE2d 755).

B. In an order declaring a mistrial in an earlier trial of this case, the trial court directed a verdict in conformity with Code Ann. § 81A-154 (b), as to a count in appellee's complaint, which count set forth a conclusory allegation that appellants had entered into a tortious conspiracy to destroy appellee's business.

We note that those allegations contained in Count 2, which allegations are merely reassertions of the allegations of the conclusory count, are barred as being res judicata. See *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242 (248 SE2d 641); *Patterson v. Professional Resources,* 242 Ga. 459, 462 (249 SE2d 248).

5. Appellants, submitting that all of the misrepresentations attributed to appellants concerned future events, urge that the trial court erred in denying their motion for directed verdict and judgment n.o.v. as to Count 1.

Appellee presented evidence that appellants had concealed existing defects in the manufacturing process. Regardless of whether certain misrepresentations concerned nonactionable representation as to the future, appellants' motion for a directed verdict and judgment n.o.v. as to the whole count was properly denied. *Cato v. English, supra.*

6. Within a few months after the sale of the paneling operation, appellee learned of the facts forming the basis of appellee's fraudulent inducement claim. Appellants, citing *Tuttle v. Stovall,* 134 Ga. 325 (67 SE 806), urge that appellee's conduct in continuing to make contract payments after the discovery of the allegedly concealed defects constituted a waiver of any actionable fraud. This is not well taken.

Mere payment of a contractual obligation is not sufficient to constitute a waiver as a matter of law. *Atlanta Car Wash, Inc. v. Schwab,* 215 Ga. 319 (2) (110 SE2d 341); *Chestnut v. Al Means Ford,* 113 Ga. App. 623,

626 (149 SE2d 410).

7. In a series of related enumerations, appellants complain of the trial court's refusal to charge in accordance with their requests.

A. " 'A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case.' [Cit.] See also *Wells v. Metropolitan Life Ins. Co.,* 107 Ga. App. 826 (131 SE2d 634) holding that the trial court may properly refuse a requested charge when the requested charge is infected with any inaccuracy, even though the request may not be so erroneous as to require reversal if given." *Roberson v. Hart,* 148 Ga. App. 343, 345 (251 SE2d 173).

B. Since lost profits were not claimed by appellee, appellants' requests to charge as to lost profits were not authorized by the evidence. Similarly, since the evidence raised an issue as to the concealment of material defects in the manufacturing process which would relieve appellee from the effects of the merger clause, a requested charge that the only fraud which would relieve appellee from the merger clause in the purchase agreement was fraud preventing appellee from reading the document, was not a correct legal principle as applied to this case.

C. The court did err in refusing and failing to instruct the jury that the fraudulent concealment of a material defect that would authorize recovery must relate to a defect in the subject matter of the contract.

The undisputed evidence in this case shows that appellee elected to affirm a contract containing a merger clause and to seek damages for fraud. Under these circumstances, except as to the concealment of intrinsic defects relating to the subject matter of the contract (see Division 1 of this opinion) or fraud, accident, or mistake preventing a party from knowing the contents of the contract (see *J. W. Goldsmith, Inc. v. Vrooman,* 68 Ga. App. 528 (23 SE2d 504) (a claim not involved in this case)), the buyer is precluded from claiming fraud concerning representations which are not a part of the contract. The court's general charge that concealment of a material fact may amount to fraud under certain circumstances

(without restricting the concealment of a defect in the subject matter of the contract) requires reversal.

8. Since this case must be reversed and the evidence may be different on retrial, alleged errors concerning refusals to charge and errors which are unlikely to recur are not addressed herein.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 25, 1980 — REHEARING DENIED FEBRUARY 11, 1980 — ▮▮▮▮▮▮▮

*Ronald L. Reid, Orinda D. Evans, Jack H. Senterfitt,* for appellants.
*Irving K. Kaler, Jerry L. Sims, Glenville Haldi,* for appellee.