131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John DeKELLIS; Robert Snell, Plaintiffs-Appellants,
v.
MICROBILT CORPORATION, a Georgia corporation; First
Financial Management Corporation, Defendants-Appellees.
 No. 96-16867.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Decided Dec. 4, 1997.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding
 Before: FLETCHER, WIGGINS, RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John DeKellis and Robert Snell appeal from summary judgment against them on their claims of fraud and breach of the implied covenant of good faith and fair dealing against MicroBilt Corporation and its parent company, First Financial Management Corporation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * In order to survive MicroBilt's motion for summary judgment, DeKellis and Snell had the burden of producing evidence as to each element of their prima facie case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Under Georgia law, which the parties agree governs this case, one element of a fraud claim is the plaintiff's justifiable reliance on the defendant's alleged misrepresentations. See Lister v. Scriver, 456 S.E.2d 83, 86 (Ga.Ct.App.1995); King Sales Co. v. McKey, 121 S.E.2d 48, 52 (Ga.Ct.App.1961); Alpha Kappa Pai Bldg. Corp. v. Kennedy, 83 S.E.2d 580, 583 (Ga.Ct.App.1954). There cannot be justifiable reliance on precontractual representations when there is a merger clause in the contract. See Alpha Kappa Pai, 83 S.E.2d at 583. As a result, a fraud claim based on precontractual representations cannot be sustained when the contract has a merger clause. See id.; see also Willis v. Brooks & Thomas Motor Co., 113 S.E.2d 403, 403-04 (Ga.Ct.App.1960). Therefore, Appellants' fraud claim, which is based on alleged precontractual representations, cannot be sustained because their written agreement with Appellees contained a broad merger clause. Because Appellants cannot produce evidence as to the element of justifiable reliance, summary judgment against them must be affirmed.
 
 
 4
 Appellants' argument that merger clauses bar only precontractual representations that vary from the terms of the agreement fails. First, the cases they cite do not stand for that proposition. Second, the alleged precontractual representations relied on by Appellants do in fact vary from the terms of the written agreement.
 
 II.
 
 5
 DeKellis and Snell argue that the implied covenant of good faith and fair dealing in their contract with MicroBilt obligated MicroBilt to devote the resources necessary for Appellants to receive the maximum amount of "Additional Consideration" under the contract. Appellants fail to recognize that the maximum Additional Consideration in the contract was clearly just that: a maximum limit on Additional Consideration. The agreement anticipated a failure to reach the maximum amount of Additional Consideration.
 
 
 6
 The cases relied upon by Appellants for the proposition that MicroBilt must exercise "best efforts" to reach the "Net Review Quota" are inapposite. Those cases simply suggest that a court will not imply a term into a contract unless it is "absolutely necessary ... to effectuate the intention of the parties." Higginbottom v. Thiele Kaolin Co., 304 S.E.2d 365, 366 (Ga.1983); see also Fisher v. Toombs County Nursing Home, 478 S.E.2d 180, 184 (Ga.Ct.App.1996); Ellis v. Brookwood Park Venture, 288 S.E.2d 308, 308 (Ga.Ct.App.1982). The circumstances of this case do not give rise to an inference that it was essential to the agreement that MicroBilt ensure that Retail Interact reach the annual Net Revenue Quotas. Rather, the agreement itself, and the purpose behind the structure of the consideration, clearly contemplated that these quotas might not be reached, but rather were to be used as maximum caps on Additional Consideration.
 
 III.
 
 7
 Appellants claim that MicroBilt breached the covenant of good faith and fair dealing in the agreement by purposefully denying Retail Interact the resources and management necessary for Retail Interact to earn revenues that would garner Appellants the maximum Additional Consideration under the agreement.
 
 
 8
 To show a breach of the covenant of good faith, evidence must be presented that can give rise to an inference of bad faith. See Whisenant v. Fulton Fed. Sav. & Loan Ass'n, 406 S.E.2d 793, 795 (Ga.Ct.App.1991).
 
 
 9
 In this case, Appellants do not have direct evidence of bad faith. The fact that the agreement was hurriedly closed late on New Year's Eve does not reasonably lead to an inference that the sole or main purpose of the MicroBilt executives in entering the agreement was to pad their annual bonus for that year, let alone an inference that the executives had no intention of fulfilling contractual obligations.
 
 
 10
 Appellants point to occasions where they claim that MicroBilt failed to allocate necessary resources and personnel to Retail Interact. These occasions do not give rise to an inference that MicroBilt withheld resources from Retail Interact with the bad faith intent to avoid paying Appellants Additional Consideration under the agreement. Appellants do not provide any evidence that the challenged decisions were unreasonable, that is, that they were not rational business decisions. Appellants do not have direct evidence of bad faith and, instead, attempt to infer a breach of the implied covenant from a number of decisions that MicroBilt made not to allocate requested resources to Retail Interact. Standing alone, these decisions do not show that MicroBilt made the decisions for the purpose of minimizing Retail Interact's revenues and, thus, the Additional Consideration to be paid to Appellants. Therefore, the summary judgment against Appellants on their breach of contract claim is affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3